■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALVIN ANDERSON, Appellant. [595 NYS2d 1] —Judgment, Supreme Court, Bronx County (Lawrence Tonetti, J., at suppression hearing; Joseph A. Mazur, J., at jury trial), rendered October 21, 1991, convicting defendant of criminal sale of a controlled substance in the third degree, criminal possession of a controlled substance in the third degree, and unlawful possession of marijuana, and sentencing him to concurrent terms of imprisonment of 2 to 6 years on the counts charging criminal sale and possession of a controlled substance in the third degree, and to a conditional discharge on the marijuana count, unanimously affirmed.

The hearing court properly denied suppression of the physical evidence recovered in this case, on the ground that probable cause existed for defendant's arrest based on the undercover officer's radio communication to the backup officers *(People v Petralia,* 62 NY2d 47, *cert denied* 469 US 852). Additionally, the money recovered from defendant at the time of his arrest was properly admitted at trial as relevant to the issue of intent to sell drugs *(People v Haynes,* 172 AD2d 242, *lv denied* 78 NY2d 967).

Viewing the evidence at trial in the light most favorable to the People, and giving them the benefit of every reasonable inference *(People v Malizia,* 62 NY2d 755, *cert denied* 469 US 932), defendant's guilt of the crimes charged, on an acting in concert theory, was overwhelming established *(People v Bleakley,* 69 NY2d 490). The jury's determinations of fact and credibility are supported by the record and will not be disturbed by this Court *(People v Gruttola,* 43 NY2d 116, 122).

We have considered defendant's additional claims of error and find them to be without merit. Concur—Ellerin, J. P., Wallach, Asch and Rubin, JJ.