(April 14, 1994)

■ The People of the State of New York, Respondent, v Eric Pacer, Appellant. [610 NYS2d 636] —White, J. Appeal from a judgment of the County Court of Broome County (Mathews, J.), rendered May 25, 1989, upon a verdict convicting defendant of the crime of criminal sale of a controlled substance in the third degree.

Defendant's primary contention on this appeal is that County Court erred in denying his motion to suppress certain items of physical evidence that were seized from him because the police lacked probable cause to arrest him.

On January 2, 1989, Investigator Michael Whalen of the City of Binghamton Police Department, an experienced narcotics officer, was observing an area of known drug activity in the City when he noticed what he believed to be a drug

transaction between a black male and two white males. He radioed a description of the two white males to a marked patrol vehicle. The individuals were stopped and were found to have cocaine in their possession. They were then taken to the police station where one of them, Jonathan Eschke, agreed to participate in a "buy and bust" operation. Eschke was provided with "buy money" and instructed to try to consummate a buy with the same person with whom he had originally dealt.

Thereafter, Whalen, who had been notified of the "buy and bust" operation, focused on Eschke when he returned to the area. He observed Eschke in the parking lot of a tavern engaging in what Whalen deemed a drug transaction with a person known to Whalen. He then saw Eschke talking to a black male fitting the description of the individual who participated in the original transaction with Eschke. Eschke and this person, later determined to be defendant, then left the parking lot and went around the corner out of Whalen's sight. When they returned, Eschke left the area and defendant remained in the parking lot for 10 to 15 minutes. Defendant then rode off with two other individuals in a yellow car. At that point, Whalen radioed a description of defendant as a black male wearing a blue hooded sweatshirt, riding in a yellow car whose license number he identified. The vehicle was stopped and, following a search of his person which yielded some of the "buy money" that Eschke had been given, defendant was arrested. A subsequent search of defendant at the police station resulted in the discovery of illegal drugs.

It is well established that where, as here, an arresting officer has acted on the basis of a radio communication from a fellow officer who has personal knowledge of the facts transmitted, he or she presumptively possesses the requisite probable cause (see, People v Petralia, 62 NY2d 47, 52, cert denied 469 US 852; People v Hernandez, 189 AD2d 634, lv denied 81 NY2d 887). This presumption may be rebutted if the prosecution cannot demonstrate that the sender possessed probable cause (see, People v Matienzo, 184 AD2d 296, 297, affd 81 NY2d 778). Defendant maintains that Whalen lacked probable cause because he did not observe any transaction between defendant and Eschke.

Probable cause requires not proof beyond a reasonable doubt or evidence sufficient to warrant a conviction, but merely information which would lead a reasonable person who possesses the same expertise as the officer to conclude under the circumstances that a crime is being or was committed (see,

*People v McRay,* 51 NY2d 594, 602). Thus, the determination of probable cause deals not with technicalities but with the practical and factual considerations of everyday life acted upon by reasonable and prudent persons under the totality of the circumstances presented *(see, People v Davis,* 192 AD2d 360, 361, *lv denied* 81 NY2d 1071).

Here, Whalen's observation of surreptitious behavior by defendant and Eschke in an area of known drug activity, coupled with his knowledge that Eschke had previously purchased drugs from defendant and was intending to do so again, was more than sufficient to establish the requisite probable cause *(see, People v Matienzo, supra; People v Acevedo,* 179 AD2d 465, 467, *lv denied* 79 NY2d 996). We further reject defendant's contention that Whalen's description of defendant, conveyed to the arresting officers, was insufficient to establish probable cause that defendant was the person described, as Whalen placed him in a particular car with a specifically identified license plate. Clearly, these factors would lead a reasonable person possessing the same expertise as the arresting officers to conclude that defendant was the person described in the radio transmission *(see, People v Fernandez,* 185 AD2d 944; *People v Rivera,* 166 AD2d 678, *lv denied* 77 NY2d 843).

Finally, viewing the evidence at trial in the light most favorable to the People *(see, People v Contes,* 60 NY2d 620, 621), we find that the evidence was legally sufficient to establish defendant's guilt beyond a reasonable doubt. Further, the jury's determination of the facts and credibility is supported by the record and will not be disturbed by this Court *(see, People v Anderson,* 191 AD2d 228, *lv denied* 81 NY2d 1069).

Cardona, P. J., Mercure, Weiss and Peters, JJ., concur. Ordered that the judgment is affirmed.