■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v NAPOLEON PETERSON, Respondent. [698 NYS2d 777] —Yesawich Jr., J. Appeal from an order of the County Court of Tompkins County (Sherman, J.), entered March 24, 1999, which granted defendant's motion to suppress evidence.

On afternoon patrol in an area of the City of Ithaca, Tompkins County, known to Ithaca Police Officer Donald Barker as a place where drug trafficking was common, Barker observed activity that led to defendant's arrest. In brief, Barker saw defendant, who lived in the vicinity of a parked pickup truck,

enter it, talk to the driver for approximately 15 seconds and then exit the truck. Defendant thereupon signaled with a "thumbs up" to two individuals sitting in a car parked in front of the pickup truck and then got into that car, which proceeded to drive away. Suspecting that he had witnessed a drug transaction, Barker—who knew each of these individuals to have had past involvement in illegal drug activity—radioed to a nearby patrol car which intercepted the vehicle at the next intersection.

A subsequent search of defendant yielded an envelope, secreted in the watch pocket of defendant's pants, containing several glassine packets of heroin. While awaiting booking, defendant—responding to a police officer's comment that "[he] didn't think [defendant] was involved in this kind of stuff"— replied that he was not, but needed the money. In due course, defendant was indicted for criminal possession of a controlled substance in the third degree. After a suppression hearing, County Court suppressed the physical evidence, as well as defendant's statement, and dismissed the indictment, prompting this appeal by the People.

The vehicle stop passes constitutional muster only if Barker can be said to have had a reasonable suspicion that a crime was about to be or had been committed (*see, People v Ocasio*, 85 NY2d 982, 984; *People v Austro*, 239 AD2d 833, 834, *lv denied* 90 NY2d 890; *see also, People v Pacer*, 203 AD2d 652, 653-654). If reasonable suspicion was lacking, the traffic stop constituted an impermissible seizure and all that flowed from it is negated (*see, People v Letts*, 180 AD2d 931, 933, *appeal dismissed* 81 NY2d 833).

The suppression hearing record disclosed that Barker was an experienced police officer with several hundred narcotics arrests, that he was working in a neighborhood where drug sales were usual and that he was aware that each of the individuals—including defendant—had a history of involvement with drugs. Further, Barker viewed defendant's behavior, particularly his giving of a "thumbs up" sign, as confirming that defendant had just obtained drugs.

We are not persuaded that the activity observed by Barker satisfied the reasonable suspicion standard. Barker also testified that he never saw an exchange of money or drugs between defendant and the individuals and that defendant did not act furtively or evasively; in fact, Barker recalled that defendant appeared nonchalant throughout (*compare, People v McRay*, 51 NY2d 594, 606).

In addition, defendant testified that in flashing the "thumbs

up" signal, he was asking that the vehicle's back door be unlocked so that he could enter; a plausible explanation which finds support in Barker's testimony, as he recalled seeing one of the occupants reach around to the back seat and unlock the door. Significantly, County Court credited defendant's explanation of the "thumbs up" sign. Inasmuch as defendant's behavior was as "susceptible of innocent as well as culpable interpretation" (*People v De Bour*, 40 NY2d 210, 216), and given the deference to be accorded the factual findings of the suppression court (*see, People v Miller*, 244 AD2d 828), we affirm County Court's determination.

But even assuming the legality of the stop, suppression of the evidence and defendant's statement is required nonetheless. After the vehicle was stopped, defendant acceded to Barker's request and emptied his pockets, save a watch pocket where the drugs were later found. The People's contention that the search of defendant was justified to rule out whether defendant was armed is belied by Barker's acknowledgment that defendant was clad in a thin vest with no apparent bulges and the fact that Barker did not seek to pat down or frisk defendant (*see, People v De Bour, supra*, at 223). The officer having obviously satisfied himself that defendant was not armed, no further search was permissible.

Cardona, P. J., Mikoll, Crew III and Mugglin, JJ., concur. Ordered that the order is affirmed.