■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CARLZELLE A. HOLT, Appellant. [722 NYS2d 277] —Lahtinen, J. Appeal from a judgment of the County Court of Schenectady County (Giardino, J.), rendered September 9, 1999, upon a verdict convicting defendant of the crimes of criminal possession of a controlled substance in the fifth degree and criminal possession of a controlled substance in the seventh degree.

Shortly after midnight on the evening of August 23, 1998, the minivan in which defendant was a passenger was stopped on State Street in the City of Schenectady, Schenectady County, by Police Officer Eric Hesch who had observed the operator commit violations of the Vehicle and Traffic Law. The operator was subsequently arrested when a check of his driver's license revealed that it was suspended. Defendant provided his name and date of birth to the two other Police Officers, Thomas Mattice and Michael Glasser, who responded to the location as routine backup for Hesch.

A computer check of defendant by Mattice disclosed that defendant was the subject of an outstanding arrest warrant from New York City. When defendant was asked to exit the vehicle,

as it was to be towed, he was "patted down" by Mattice. Defendant then mumbled that he had to spit, and as Mattice and Glasser grabbed his arms and he bent over, Mattice observed defendant "cough up" something that appeared to be a plastic bag into his hand. Defendant then tried to flee but was subdued by all three officers and his hands were handcuffed behind his back. As defendant was escorted to the police vehicle, Mattice, who was walking a few feet behind him, observed defendant open his hand and drop on the ground a plastic bag slightly smaller than a golf ball containing smaller plastic bags filled with an off-white rock-like substance. Mattice picked up the plastic bag, showed it to the other officers and secured it in his shirt pocket. The substance in the bag was subsequently tested at the State Police laboratory and was identified as cocaine.

Defendant was indicted by a Grand Jury which charged him with criminal possession of a controlled substance in the third degree, criminal possession of a controlled substance in the fifth degree and criminal possession of a controlled substance in the seventh degree. Following a jury trial, defendant was convicted of criminal possession of a controlled substance in the fifth degree and criminal possession of a controlled substance in the seventh degree and sentenced, as a second felony offender, to an indeterminate prison sentence of 3½ to 7 years for criminal possession of a controlled substance in the fifth degree and a concurrent one-year definite sentence on the lesser charge. He now appeals arguing that the evidence was legally insufficient to support the verdict and the jury's verdict was against the weight of the evidence, and that the judgment of conviction should be overturned in the interest of justice.

Our analysis of the legal sufficiency of the evidence requires us to view the evidence in the light most favorable to the People (*see, People v Harper*, 75 NY2d 313, 316) and "determine whether there is any valid line of reasoning and permissible inferences which could lead a rational person to the conclusion reached by the jury on the basis of the evidence at trial * * * and as a matter of law satisfy the proof and burden requirements for every element of the crime charged" (*People v Bleakley*, 69 NY2d 490, 495 [citation omitted]; *see, People v Contes*, 60 NY2d 620, 621). We find the People's proof sufficient to support the jury's verdict.

The testimony of Mattice, set forth above, establishes the necessary element of possession. The State Police laboratory tests established that the substance in the bag possessed by defendant was cocaine, a controlled substance, and that the weight of the cocaine was over 500 milligrams, which is a suf-

ficient quantity to support a conviction for criminal possession of a controlled substance in the fifth degree as charged in the indictment (*see,* Penal Law § 220.06 [5]). The defense emphasized the fact that the two other police officers did not observe defendant "cough up," possess or drop any bag to the ground. This only served to create a credibility issue with respect to Mattice's testimony, which was the jury's function to resolve (*see, People v Page,* 225 AD2d 831, 832-833, *lv denied* 88 NY2d 883) by accepting or rejecting all or part of any testimony (*see, People v Rose,* 215 AD2d 875, 876, *lv denied* 86 NY2d 801) and we give deference to a jury's determination on those issues (*see, People v Bleakley, supra,* at 495; *People v Pugh,* 246 AD2d 679, 681, *lv denied* 91 NY2d 976).

Turning to defendant's remaining argument that the verdict was against the weight of the evidence, we note that this claim requires us to independently review the trial evidence (*see, People v White,* 261 AD2d 653, 656, *lv denied* 93 NY2d 1029) and, if a different verdict would not have been unreasonable, we must "'weigh the relative probative force of conflicting testimony and the relative strength of conflicting inferences that may be drawn from the testimony'" (*People v Bleakley, supra,* at 495, quoting *People ex rel. MacCracken v Miller,* 291 NY 55, 62; *see,* CPL 470.20 [2]). Upon that review we may set aside the verdict if we find that the jury has failed to accord the evidence its proper weight (*see, People v Bleakley, supra,* at 495). Defendant's arguments in support of this claim consist of an attack on the credibility of the police officers present at the time of his arrest. The jury resolved that issue in favor of the People and we find no reason to disturb that determination. Our further independent factual review of the record does not reveal the jury's verdict to be against the weight of the evidence.

Lastly, defendant has proffered nothing which would give us cause to vacate his conviction in the interest of justice (*see,* CPL 470.15).

Crew III, J. P., Carpinello, Mugglin and Rose, JJ., concur. Ordered that the judgment is affirmed.