■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MELVIN C. LEWIS, Appellant. [731 NYS2d 549] —Rose, J. Appeals (1) from a judgment of the County Court of Broome County (Smith, J.), rendered July 5, 2000, upon a verdict convicting defendant of the crimes of robbery in the first degree, criminal possession of a weapon in the second degree and criminal possession of a weapon in the third degree, and (2) from a judgment of said court, rendered August 11, 2000, which resentenced defendant following his conviction of the crime of criminal possession of a weapon in the third degree.

Within minutes of receiving eyewitness descriptions of the appearance and location of the perpetrator of an armed robbery of a pharmacy, police apprehended defendant. In addition to recovering a handgun, a black knit cap and other physical evidence, and conducting an immediate show-up identification, police officers obtained defendant's oral and written admissions that he had robbed the pharmacy. After trial, defendant was found guilty on all counts and sentenced as a second felony offender. Defendant appeals and we affirm.

Initially, we reject defendant's contention that County Court should have suppressed the physical evidence, the identifications and his statements because the police lacked probable cause to arrest him. Eyewitnesses described the perpetrator as a black male with a mustache and wearing dark clothing, including a black knit cap and a flannel jacket, and stated that he had fled on foot down Ely Street. Within moments, James Barnes reported that a black male with a mustache, who was wearing a black hooded sweatshirt and riding past him on a bicycle, had threatened him with a handgun on Ely Street not far from the pharmacy. Responding immediately to this report, police found defendant and physical evidence linking him to the robbery under a nearby overpass. In our view, the record evidence demonstrates that the descriptive information and physical evidence possessed by the police were sufficient to support a reasonable belief that defendant was the perpetrator (*see, People v Bigelow*, 66 NY2d 417, 423; *People v Pacer*, 203 AD2d 652, 653-654; *see also, Orminski v Village of Lake Placid*, 268 AD2d 780, 781).

We also find that defendant's convictions are supported by

legally sufficient evidence and are not against the weight of the evidence. Defendant argues that the evidence identifying him as the perpetrator was insufficient because the eyewitnesses described the perpetrator as wearing a flannel jacket, while no such garment was found on or near him, and as running, rather than riding a bicycle, away from the pharmacy. Viewing the evidence in the light most favorable to the prosecution (*see, Matter of Anthony M.*, 63 NY2d 270, 280-281; *People v Denis*, 276 AD2d 237, 240, *lvs denied* 96 NY2d 782, 861), however, we find that defendant's identification by the pharmacy's employees shortly after the robbery, the items recovered at the time of his arrest and his admissions constitute legally sufficient evidence establishing the crimes charged. Further, our independent review of this and other trial evidence shows that the jury did not "fail[ ] to accord the evidence its proper weight" (*People v Holt*, 281 AD2d 749, 751, *lv denied* 96 NY2d 902).

Defendant's remaining contentions also lack merit. Considering that defendant was apprehended within 12 minutes of the crime, promptly brought to the crime scene for the show-up and shown in such a way that his hands were not visible to the pharmacy employees, the fact that he was handcuffed and the recovered knit cap was placed on his head did not make the identification unduly suggestive (*see, People v Duuvon*, 77 NY2d 541, 545; *People v Willis*, 282 AD2d 882, 884, *lv denied* 96 NY2d 869; *People v Lewis*, 277 AD2d 603, 605-606, *lv denied* 95 NY2d 966). Nor is a prosecutor under any burden to produce identifying witnesses at a *Wade* hearing so long as the People otherwise meet their burden of establishing the "reasonableness and nonsuggestiveness" of the offered identification (*People v Kennedy*, 151 AD2d 831, 832). Finally, County Court did not err by admitting Barnes' account of being threatened at gunpoint, for Barnes' testimony was relevant to the issues of the perpetrator's identity and possession of a handgun (*see, People v Shiffer*, 256 AD2d 818, 819, *lv denied* 93 NY2d 878; *see also, People v Till*, 87 NY2d 835, 836).

Cardona, P. J., Mercure, Spain and Carpinello, JJ., concur. Ordered that the judgments are affirmed.