OPINION OF THE COURT
Colleen D. Duffy, J.
Defendants Stephen Elio and William Nye, each charged *534 with criminal trespass in the third degree (Penal Law § 140.10), and possession of graffiti instruments (Penal Law § 145.65), made an omnibus motion seeking a Dunaway, Huntley, Mapp and Wade hearing to suppress their arrest for lack of probable cause, suppress statements made to the police, suppress physical evidence seized at the scene and suppress a “showup” identification.
This matter having been on before this court for a hearing, the court now finds as follows:
As an initial matter, this case presents the novel issue of whether heightened awareness and concern about terrorist activity after September 11, 2001 changes the scope or nature of the exceptions that permit warrantless searches of automobiles. With respect to the facts and circumstances of this case, the court finds that it does not.
The People’s witness, Mr. Carter, testified that, on January 2, 2002, at approximately 1:00 a.m. he saw two individuals on an embankment near the railroad tracks in the area of Bradford Road and Beachwood Avenue in the City of Mount Vernon — an area where, he believed, only railroad workers would be located. Mr. Carter said that the individuals, who were wearing hooded clothing and carrying knapsacks, did not look like railroad employees to him. He saw the individuals return to a vehicle parked on the street area near Bradford Road and Beachwood. He testified that he saw the individuals crossing the train tracks and carry items back and forth from the vehicle to the tracks in knapsacks. Fearful that terrorist activity was afoot, Mr. Carter contacted the local police and Metro North police departments and reported his observations. (Mr. Carter also continued his own surveillance of the two individuals for some period of time until the police arrived.)
Mr. Carter testified that he led the police to the spot on the train tracks where he had last seen the individuals, and, when the individuals ran and the police chase was unsuccessful in apprehending them, Mr. Carter then led the police to the site of the vehicle at issue. He testified that the police opened the unlocked car doors, one of which had been ajar, and searched the vehicle and removed some knapsacks — which were open — to survey their contents.
When defendants arrived at the vehicle sometime later that morning (approximately one hour after Mr. Carter originally met with the police), they were arrested and Mr. Carter returned to the scene at the request of the police to identify the defendants. He identified defendants as the individuals he had seen on and near the railroad tracks.
*535 Turning to the issue of the search of the car, under the Fourth Amendment to the United States Constitution, a search conducted without a valid search warrant is per se unreasonable unless one of the established exceptions applies. (California v Acevedo, 500 US 565, 579-580; see also People v Belton, 55 NY2d 49; NY Const, art I, § 12.) One exception is the automobile search wherein police may search a vehicle without a warrant when they have probable cause to believe that evidence or contraband will be found there. (Cady v Dombrowski, 413 US 433.) Elimination of the warrant requirement is justified in automobile searches because of the mobility of the vehicles and the likelihood that the evidence will disappear if the search is delayed and by diminished expectation of privacy of those in automobiles. (California v Carney, 471 US 386.)
Based upon the credible testimony, the police searched the vehicle without a warrant and prior to arresting the two defendants. According to Mr. Carter, he directed the police to the location of defendants’ vehicle. The police then opened the doors to the unlocked vehicle (at least one door already was slightly ajar) to get a better look at what was inside the vehicle. The police removed knapsacks from the vehicle and looked inside them. All of this occurred prior to the defendants being apprehended.
Although Mr. Carter testified that at the time of the incident he had been apprehensive about the contents of the vehicle (he thought the car might contain some type of terrorist devices), there was no evidence other than his concerns about such a situation. No credible evidence was presented that any exigent circumstances existed to permit the search of the vehicle without a warrant. Mr. Carter’s heightened concern about terrorist activity even in the wake of September 11, 2001, without more, is insufficient to establish exigent circumstances or probable cause.
The officer’s contention that the search of the car was incident to a lawful arrest is not credible. The credible evidence established that the search took place prior to the arrest of the defendants. Moreover, no probable cause existed at the time of the search. The police officer testified that the car was parked in a legal spot and that a NYSPIN search revealed no issues with respect to the vehicle. The court also notes that the police apparently had an opportunity to secure a search warrant for the vehicle had they wanted to obtain one. The police had “staked out” the vehicle for at least one hour waiting for defendants to return to it.
*536 Accordingly, with respect to any evidence seized by the police located in the automobile, such evidence is suppressed and may not be used at trial.
With respect to noticed statements set forth in the CPL 710.30 notice, the second statement that “they were not painters” is suppressed. The People offered no credible evidence whatsoever to support the noticed statement. Defendants’ motion to suppress the first statement that “they were on the tracks looking for a good spot” is denied. Although no Miranda warnings were given at the time the statement was made, Police Officer Lore credibly testified that defendants were not in custody. The circumstances evince that the questioning by Officer Lore was merely investigatory, not custodial. Defendants were not at police headquarters and were not handcuffed or restrained in any way at the time the statement was made, nor were the defendants notified that they were under arrest at that time.
The court finds that the defendants were not in custody at the time the statement was made and that, therefore, suppression of the statement is not required. (See People v McKenzie, 183 AD2d 631 [1st Dept 1992] [statements made by defendant at scene and later at police headquarters were admissible as circumstances evidence that the questioning was investigatory, not custodial].)
The court also denies defendants’ motion to suppress the “showup” identification. Although the credible testimony established that defendants were handcuffed, and standing next to at least one police officer, and were leaning against or in front of a police vehicle at the time of the identification procedure, considering the totality of the circumstances, the identification procedure was not impermissibly suggestive or unreliable. (See People v Lewis, 287 AD2d 888 [3d Dept 2001] [handcuffed defendant promptly brought to the crime scene after apprehension not unduly suggestive]; People v Jackson, 281 AD2d 906 [4th Dept 2001] [pretrial showup was not unduly suggestive even though defendant was handcuffed and standing between two police officers — defendant was apprehended a short distance away from the scene and police conducted showup within approximately one hour of crime].)
Here, Mr. Carter returned to the scene within approximately one hour of the events at issue to identify the defendants. The prompt identification by Mr. Carter of defendants after their arrest at the scene was not unduly suggestive and is not suppressed.
*537 With respect to defendant’s Dunaway motion, the court finds that, based upon the credible testimony, the police had probable cause to initially approach, question and thereafter arrest defendants. Mr. Carter’s statements to police, combined with the officers’ own observations at the scene, and defendants’ response to the officers’ questions, constituted probable cause for the arrests. Accordingly, any physical evidence seized from defendants’ persons was obtained from a search incident to a lawful arrest and is not suppressed.