■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICHARD W. JOHNSON, Appellant. [750 NYS2d 188] —Crew III, J.P. Appeal from a judgment of the County Court of Otsego County (Coccoma, J.), rendered September 17, 2001, upon a verdict convicting defendant of the crimes of sexual abuse in the second degree and endangering the welfare of a child (two counts).

On December 15, 2000, defendant was charged in an eight-count indictment with four counts of sexual abuse in the first degree, two counts of sexual abuse in the second degree and two counts of endangering the welfare of a child, said charges arising out of an incident that took place between defendant and two young girls, then ages 11 and 9, at defendant's home in the Town of Maryland, Otsego County. At the subsequent jury trial, the victims testified that they went to defendant's home with their mother, who performed housekeeping services for defendant, and while their mother was cleaning defendant's

house, they played in the yard just outside defendant's art studio. They further testified that defendant invited them into the studio where he, inter alia, engaged in caressing their chest and buttocks and placed one of the girl's hands on his penis until he ejaculated. Defendant ultimately was convicted of one count of sexual abuse in the second degree and both counts of endangering the welfare of a child, for which he was sentenced to, inter alia, a determinate prison term of one year.

On this appeal, defendant contends that the verdict was not supported by legally sufficient evidence and, further, was against the weight of the evidence. In support of this contention, defendant focuses upon the contents of a videotape that was recorded while the girls were in his art studio. The videotape was admitted into evidence and, as pointed out by defendant, contains no pictures of defendant engaged in any inappropriate contact with the two girls. Defendant therefore concludes that the videotape conclusively demonstrates his innocence. We disagree.

The testimony at trial reveals that prior to defendant engaging in the inappropriate conduct charged, he turned the video camera toward the wall. Additionally, as to whether defendant had the camera on and was recording any of the alleged events as they occurred, the victim who was asked such question could not recall and acknowledged, when defense counsel asked whether the video could have been on while the offending contact was occurring, that it could have. Thus, it is clear that the jury was faced with an issue of credibility that it resolved, at least in part, in favor of the victims. We will not disturb such determination unless it is clearly unsupported by the record, which is not the case here (*see People v Holt*, 281 AD2d 749, 751, *lv denied* 96 NY2d 902; *People v Dunavin*, 173 AD2d 1032, 1033-1034, *lv denied* 78 NY2d 965).

Spain, Mugglin, Rose and Lahtinen, JJ., concur. Ordered that the judgment is affirmed.