■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JULIUS L. HUTCHERSON, Appellant. [808 NYS2d 813]—

Carpinello, J. Appeals (1) from a judgment of the County Court of Broome County (Mathews, J.), rendered August 9, 2002, upon a verdict convicting defendant of the crime of robbery in the first degree, and (2) from a judgment of said court, rendered August 9, 2002, upon a verdict convicting defendant of the crime of criminal possession of a controlled substance in the third degree.

Following two separate jury trials, defendant was found guilty of robbery in the first degree and criminal possession of a controlled substance in the third degree. The robbery conviction stems from an early morning holdup of two hotel occupants at gunpoint. The drug conviction stems from evidence that defendant, upon being arrested one year later on the outstanding arrest warrant for robbery in the first degree, was in possession of crack cocaine. Defendant was sentenced as a second violent felony offender to a prison term of 25 years with five years of postrelease supervision for the robbery conviction and a consecutive term of 12½ to 25 years for the criminal possession conviction. He now appeals.

Defendant's appellate counsel argues that the robbery conviction is against the weight of the evidence. In a supplemental pro se brief, defendant additionally claims that this verdict is not based upon legally sufficient evidence. We are unpersuaded by both contentions. It was established at trial that a light-skinned, African-American man burst into the hotel room of two strangers wearing a green bandana over his face and a blue shirt, pointed a gun at them and ordered them onto the floor. Upon the perpetrator's demand for money, both victims handed over their cash. In the course of the robbery, a friend of the victims knocked at the door prompting the robber to open it, point the gun at her and order her on the floor as well. The man ultimately fled.

The police were immediately contacted. An officer patrolling in the vicinity of the hotel was responding when he observed a white vehicle, that he had earlier observed in the hotel parking lot, drive past him at a high rate of speed. As the officer followed the vehicle, it ultimately crashed into a house, its air bag deployed and its driver fled. The officer attempted to catch the driver, to no avail. The vehicle was determined to be owned by defendant.

Later that same day, defendant reported this vehicle, which

he claimed contained a loaded gun, as stolen.[1] The officer who responded to this report did not know that the same vehicle had been connected to the earlier robbery. Upon learning of this connection later that day and further learning that defendant fit the description of the perpetrator, the second officer attempted to locate defendant, to no avail. It was established through the testimony of defendant's live-in girlfriend that he left town at some point after reporting his vehicle stolen and would not disclose his whereabouts to her.

In the meantime, a blue shirt was discovered by police near the crash site.[2] Through the testimony of defendant's girlfriend, it was established that this shirt not only belonged to defendant, but he had been wearing it on the afternoon preceding the early morning holdup. Both victims testified that this shirt was in fact the shirt worn by the perpetrator. Moreover, fibers from this shirt were found on the deployed air bag. Following his arrest one year after the robbery, defendant spontaneously disclosed to a police officer that "he had screwed up and that he was glad he was caught" and further stated that the gun at the subject hotel "wasn't loaded."

Given this evidence, we are unpersuaded by defendant's pro se contention that there was legally insufficient evidence from which the jury could have found him guilty of robbery in the first degree (see People v Bleakley, 69 NY2d 490, 494-495 [1987]). Likewise, upon the exercise of our factual review power, we find that the verdict was not against the weight of the evidence (see CPL 470.15 [5]; People v Bleakley, supra at 495). In support of his contentions to the contrary, defendant alleges that there were inconsistencies in the victims' descriptions of the perpetrator and the gun used, and he further points out that the victims both identified another man as the perpetrator shortly after the robbery. The jury, however, was fully educated about the inaccurate identification of another man as the perpetrator and nevertheless chose to credit the other evidence connecting defendant to the robbery.

We are unpersuaded that certain evidentiary rulings during the course of the robbery trial, whether viewed alone or collectively, deprived defendant of a fair trial. Moreover, upon our review of both trials, we are satisfied that defendant received meaningful legal representation from his respective attorneys (see People v Baldi, 54 NY2d 137 [1981]). Finally, we decline to

---

1. On this day, scrapes and bruises were also observed on defendant's hands by his girlfriend.

2. The green bandana, as well as a loaded gun, were retrieved from a trash can on the hotel premises.

exercise our discretion and reduce defendant's sentence on the drug charge. In support of this contention, defendant points out that the "Rockefeller Drug Laws" have recently been amended under which he "would have" only faced a minimum of six years and a maximum of 15 years in prison. Neither the amendments themselves, which do not apply to defendant's sentence, nor the spirit behind such amendments moves us to reduce defendant's sentence given his lengthy criminal history, which includes numerous felony convictions.

Cardona, P.J., Mercure, Spain and Mugglin, JJ., concur. Ordered that the judgments are affirmed.