■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JULIO JIMINEZ, Appellant. [826 NYS2d 837]—

Mercure, J.P. Appeal from a judgment of the County Court of Schenectady County (Hoye, J.), rendered May 18, 2005, upon a

verdict convicting defendant of the crime of robbery in the first degree.

In April 2004, a robbery was committed at a Dunkin' Donuts restaurant in the City of Schenectady, Schenectady County, by a man brandishing a handgun with a laser sight. At the time of the robbery, two employees, Daniell Perreault and Jacqui Jordan, were working in the store. The robber, who had women's hosiery pulled over his head, entered the store at approximately 10:30 P.M., pointed the gun at Perreault and demanded money, threatening to kill Perreault if she did not comply. Jordan, who was standing about a foot away from Perreault, observed the entire event. Approximately two weeks later, an inmate in the county jail implicated defendant in the robbery. Perreault and Jordan separately identified defendant as the robber after viewing photo arrays. Defendant was then arrested and charged in an indictment with robbery in the first degree and criminal use of a firearm in the first degree.

Following a pretrial *Huntley/Wade* hearing and a jury trial, the jury was unable to reach a verdict regarding the robbery. After the People informed defendant that they would prosecute him again, he filed a late notice of alibi, naming two alibi witnesses who were not named in the notice filed prior to the first trial. County Court denied defendant's request to allow the alibi witnesses and a second jury trial was conducted, at the close of which defendant was convicted of robbery in the first degree. He was sentenced, as a second felony offender, to 20 years in prison to be followed by five years of postrelease supervision. Defendant appeals and we now affirm.

Defendant first argues that his conviction was not supported by legally sufficient evidence and was against the weight of the evidence. "A person is guilty of robbery in the first degree when he [or she] forcibly steals property and when, in the course of the commission of the crime . . . [he or she is] armed with a deadly weapon; or . . . [u]ses or threatens the immediate use of a dangerous instrument" (Penal Law § 160.15 [2], [3]). Here, the two eyewitness employees of Dunkin' Donuts separately identified defendant in photo arrays prepared by the detective investigating the case and in open court. Both employees testified that defendant entered the store, pointed a gun at and threatened to kill Perreault unless she gave him money from the cash register, and then absconded with approximately $300 in cash. Viewing this evidence in the light most favorable to the People, there is a "valid line of reasoning and permissible inferences which could lead a rational person to the conclusion reached by the jury" (*People v Bleakley*, 69 NY2d 490, 495

[1987]; *see People v Diggs*, 19 AD3d 1098, 1099 [2005], *lv denied* 5 NY3d 787 [2005]; *People v Tong Khuu*, 293 AD2d 424, 424 [2002], *lv denied* 98 NY2d 714 [2002]; *People v Lewis*, 287 AD2d 888, 889 [2001], *lvs denied* 97 NY2d 684 [2001], 97 NY2d 756 [2002]).

Moreover, although a different finding would not have been unreasonable, we conclude that the verdict was not against the weight of the evidence. Defendant maintains that because the witnesses to the robbery failed to observe his heavy Spanish accent and the tattoos on his right hand and neck, the jury should have determined that they misidentified him as the robber. The witnesses testified, however, that the robber's hand and neck were covered either by his jacket or the hosiery pulled down over his head, thus impeding their ability to see the tattoos during the robbery. In addition, the witnesses stated that defendant spoke in only very short phrases during the robbery, which lasted only about a minute. Viewing the evidence in a neutral light and giving deference to the factfinder's opportunity to observe the witnesses, we cannot say that the jury failed to give the evidence the weight it should be accorded despite the witnesses' failure to discern a noticeable accent or tattoos during the course of the robbery (*see People v Lewis, supra* at 889; *see generally People v Romero*, 7 NY3d 633, 643-644 [2006]).

We further reject defendant's argument that County Court erred in denying his request to call the two additional witnesses named in his late notice of alibi. "Although the trial court has the discretion to extend the period in which the defendant must file and serve [a] notice of alibi, an application for such an extension may be denied where the defendant does not appropriately demonstrate good cause for the delay" (*People v Mensche*, 276 AD2d 834, 836 [2000], *lv denied* 95 NY2d 966 [2000] [citations omitted]; *see* CPL 250.20 [3]). We note that the People do not challenge the timeliness of defendant's initial notice of alibi, which was provided in July 2004, and that the witness named in the initial notice testified at the second trial regarding defendant's whereabouts at the time of the robbery. Defense counsel served a second notice of alibi on March 4, 2005, on the eve of the second trial, asserting that he became aware of the additional witnesses in December 2004 and that the People would not be prejudiced by the late disclosure because the new witnesses' testimony was merely cumulative. Under these circumstances and given the lack of any reasonable excuse for the failure to disclose the additional witnesses earlier, County Court did not abuse its discretion in denying defendant's request to present the testimony of the additional witnesses (*see People v*

*Djanie*, 31 AD3d 887, 888 [2006], *lv denied* 7 NY3d 866 [2006]; *People v Walker*, 294 AD2d 218, 218-219 [2002], *lv denied* 98 NY2d 772 [2002]; *People v Mensche, supra* at 836).

Finally, in the absence of any showing that the identification procedures were suggestive and in light of defendant's opportunity to cross-examine the witnesses at trial regarding those procedures, defendant was not entitled to production of the eyewitnesses at the *Huntley/Wade* hearing for questioning (*see People v Chipp*, 75 NY2d 327, 334, 337-339 [1990], *cert denied* 498 US 833 [1990]; *People v Jamison*, 278 AD2d 100, 101 [2000], *lv denied* 96 NY2d 784 [2001]). We have considered defendant's remaining arguments and conclude that they are either unsupported by the record or patently meritless.

Crew III, Carpinello, Lahtinen and Kane, JJ., concur. Ordered that the judgment is affirmed.