■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM T. JOHNSON, Appellant. [831 NYS2d 290]—

Carpinello, J. Appeal from a judgment of the County Court of Schenectady County (Catena, J.), rendered January 6, 2005, upon a verdict convicting defendant of the crime of robbery in the first degree.

A convenience store clerk was robbed at gunpoint one evening by a man wearing boots, a shiny black jacket with zippers, dark pants, a black "skully" hat, gloves and a bandana covering most of his face. The robber was short and skinny. The clerk placed between $700 and $800 in cash inside a bag, which included a single $100 bill. After stealing two packages of cigarettes, the robber fled on foot toward a pedestrian tunnel. The clerk immediately contacted police and gave a description of the suspect, as well as the direction in which he fled. Several police officers, with the assistance of a trained police dog who tracked the suspect's scent, surrounded the area.

Approximately 25 minutes after the robbery, defendant was found hiding on the ground behind a garage wearing a reversible tan jacket. Within a few minutes thereafter, the clerk identified him as the robber by his clothing, height and skin

complexion. The clerk specifically identified the black side of the reversible jacket as being that worn by the robber. Following his arrest, over $250 in cash was found on defendant, including a $100 bill. Moreover, gloves and a black hat were found on the ground in close proximity to where he was hiding.

At trial, defendant did not deny that he was running from police that evening. He claimed, however, that he had been smoking marihuana and did not want to be caught. He denied being inside the store or robbing it. He was indicted on robbery in the first degree and found guilty as charged by a jury. He now appeals.

Defendant asserts that the verdict was not supported by legally sufficient evidence and was also against the weight of the evidence. Specifically, defendant argues that the People failed to establish that he was the actual perpetrator, pointing out that, upon his arrest, the police never retrieved a gun, cigarettes or a money bag and also pointing out that he had considerably less cash on his person than that stolen. A jury verdict is supported by legally sufficient evidence when "there is any valid line of reasoning and permissible inferences which could lead a rational person to the conclusion reached by the jury" (*People v Bleakley*, 69 NY2d 490, 495 [1987]). Although a bandana covered most of the perpetrator's face, the clerk identified defendant as the robber by the clothing he wore that night, as well as his general body size and skin tone. The clerk also identified the gloves and black hat recovered near where defendant was hiding as those worn by the robber. Notably, defendant himself admitted that these items belonged to him.

In addition to the clerk's testimony, several officers testified about the search that ensued immediately following the robbery and their ultimate apprehension of defendant hiding behind the garage a short distance from the store. There was also evidence that defendant admitted to a police detective that he was in the store that night. Given this evidence, we conclude that there is a valid line of reasoning and permissible inferences which could lead a rational person to the conclusion reached by the jury, namely, that defendant was the person who held up the store (*see People v Hutcherson*, 25 AD3d 912, 914 [2006], *lv denied* 6 NY3d 849 [2006]; *People v Ponder*, 19 AD3d 1041, 1042 [2005], *lv denied* 5 NY3d 809 [2005]; *People v Lewis*, 287 AD2d 888, 889 [2001], *lv denied* 97 NY2d 684 [2001]).

We further conclude, after weighing the relative probative force of the conflicting testimony and inferences drawn therefrom (*see People v Bleakley, supra* at 495), that the verdict is not against the weight of the evidence. Although defendant denied

committing the robbery and offered an explanation for why he ran and hid from police that night, the jury obviously did not credit his testimony. Even assuming that a different verdict would not have been unreasonable, we conclude that there is no basis upon which to determine that the jury failed to give the evidence the weight it should be accorded (*see People v Bleakley, supra*; *see also People v Hutcherson, supra*; *People v Ponder, supra*; *People v Lewis, supra*).

Defendant's remaining claims, to the extent properly before us, have been reviewed and rejected as being without merit.

Cardona, P.J., Peters, Spain and Kane, JJ., concur. Ordered that the judgment is affirmed.