■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SHAMEL T. YOUNG, Appellant. [856 NYS2d 711]—

Carpinello, J. Appeal from a judgment of the County Court of Broome County (Mathews, J.), rendered January 2, 2007, among other things, upon a verdict convicting defendant of the crime of attempted assault in the first degree (two counts) and criminal possession of a weapon in the second degree.

A jury found defendant guilty of two counts of attempted assault in the first degree and criminal possession of a weapon in the second degree stemming from evidence that he fired shots

---

2. A like instruction had also been given during voir dire.

into a vehicle occupied by Edwin Lambert and Daniel Barker on the night of July 18, 2005. Finding no merit to any of the contentions raised on appeal, we now affirm.

As conceded by defendant, his challenge to the legal sufficiency of the evidence against him has not been properly preserved for review by a specific motion to dismiss at the close of the People's proof (*see e.g. People v Doyle*, 48 AD3d 961, 962 [2008]). Contrary to defendant's contention, reversal in the interest of justice is not warranted. In addition, upon the exercise of our factual review power (*see People v Romero*, 7 NY3d 633, 643-644 [2006]; *People v Bleakley*, 69 NY2d 490, 495 [1987]), we are unpersuaded that the verdict was against the weight of the evidence for the following reasons.

Trial testimony established that on the evening of the shooting, defendant and Lambert got into a verbal argument at a local park which turned into a physical altercation a few minutes later outside a nearby fast food restaurant. Barker, who was friends with Lambert, witnessed both incidents. According to Barker, upon breaking up the scuffle in the restaurant parking lot, the man with whom Lambert was fighting warned Lambert a few times that he had "something for [him]." This man then took off in his vehicle. Less than one hour later, as Lambert and Barker were driving through defendant's neighborhood, three shots were fired at their vehicle. According to Barker, he immediately looked over his shoulder in the direction of the fired shots and recognized the shooter as being the same man with whom Lambert had been fighting less than one hour earlier.

In challenging the weight of the evidence against him, defendant argues that there was insufficient proof establishing him as the shooter because Barker's testimony was implausible, inconsistent and unreliable. In particular, defendant argues that it was impossible for Barker to identify the shooter with such a brief glance over his shoulder in the dark. While a contrary verdict would not have been unreasonable had the jury rejected Barker's testimony, it was the jury's province to resolve all credibility issues and this Court accords due deference to such determinations (*see e.g. People v Doyle*, 48 AD3d at 963; *People v Gathers*, 47 AD3d 959 [2008]). Weighing the evidence in a neutral light (*see e.g. id.*), we conclude that the verdict finding defendant responsible for the shooting was not against the weight of the evidence (*see People v Clemmons*, 46 AD3d 1117 [2007], *lv denied* 10 NY3d 763 [2008]; *People v Johnson*, 38 AD3d 1012 [2007]; *People v Hutcherson*, 25 AD3d 912 [2006], *lv denied* 6 NY3d 849 [2006]).

Finally, there was a sufficient factual predicate to support a

jury instruction on consciousness of guilt. Trial testimony established that, within two days of the shooting, a police detective assigned to the case identified defendant as the suspect and thereafter attempted without success to locate him. According to this detective, he conducted an extensive check of known locations for defendant and also left word with his girlfriend and family members that he was looking for defendant and needed to speak with him, to no avail. Defendant was finally arrested on February 26, 2006. This evidence provided sufficient grounds for the charge (*see People v Holland*, 174 AD2d 508, 509-510 [1991], *lv denied* 78 NY2d 1011 [1991]).

Peters, J.P., Kane, Malone Jr. and Stein, JJ., concur. Ordered that the judgment is affirmed.