THIRD DEPARTMENT, JUNE, 2010

(June 3, 2010)

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JERRY CARTER, Also Known as BIG and as BIG MAN, Appellant. [903 NYS2d 172]—

Spain, J. Appeal from a judgment of the County Court of Albany County (Breslin, J.), rendered October 8, 2008, upon a verdict convicting defendant of the crimes of robbery in the first degree (two counts), robbery in the second degree, assault in the first degree (two counts), assault in the second degree, criminal possession of a controlled substance in the fifth degree and criminal possession of a weapon in the third degree.

Defendant's convictions stem from two separate incidents, the first occurring on November 26, 2007, when the victim went to the basement of 195 Clinton Avenue, in the City of Albany, to purchase drugs from defendant. An argument ensued concerning the victim's bracelet, culminating in a physical altercation during which defendant bit off a portion of the victim's ear. As a result of a separate investigation, police successfully conducted a controlled buy three days later at defendant's residence. When defendant was arrested, a bag of cocaine was found secreted on his body and a search of his residence resulted in the discovery of a handgun. Defendant was then charged in an 11-count indictment; he later moved to sever those counts stemming from the November 26 incident from the remaining counts. County Court denied that motion. Following a jury trial, defendant was convicted of two counts of robbery in the first degree, robbery in the second degree, two counts of assault in the first degree, assault in the second degree, criminal possession of a controlled substance in the fifth degree and criminal possession of a weapon in the third degree. He was sentenced to an aggregate prison term of 28½ to 32 years with five years of postrelease supervision. Defendant now appeals.

Initially, we reject defendant's challenges to the sufficiency and weight of the evidence adduced at trial. Defendant asserts that the evidence was legally insufficient to support his robbery convictions in that there was inadequate evidence that he "forcibly [stole] property" within the meaning of Penal Law §§ 160.10 and 160.15, claiming that the evidence at trial demonstrated that the victim willingly gave the bracelet to him in exchange for money and, therefore, the bracelet was his property when the fight began. Defendant did not make this specific argument in his motion to dismiss at the close of the People's case and, therefore, it is not preserved for our review (*see People v Gray*, 86 NY2d 10, 19 [1995]). We have, nevertheless, necessarily considered the sufficiency of evidence as to each element of these crimes in the context of our weight of the evidence review (*see People v Danielson*, 9 NY3d 342, 349-350 [2007]; *People v*

*Morrison*, 71 AD3d 1228, 1229 [2010]), and find the convictions to be sound. In contrast to defendant's version of events, the victim testified that after he refused to sell defendant his bracelet, defendant pulled out what appeared to be a handgun, pointed it at him and demanded the bracelet. The victim then tossed his bracelet at defendant and charged at him, attempting to wrestle the handgun away. According deference to the jury's credibility determinations (*see People v Bailey*, 295 AD2d 632, 634 [2002], *lv denied* 98 NY2d 766 [2002]), we find "no basis upon which to determine that the jury failed to give the evidence the weight it should be accorded" (*People v Johnson*, 38 AD3d 1012, 1014 [2007]; *see People v Hutcherson*, 25 AD3d 912, 914 [2006], *lv denied* 6 NY3d 849 [2006]). Nor do we find error in the jury's rejection of defendant's affirmative defense that the handgun was not a loaded, operable weapon (*see* Penal Law § 160.15 [4]), in that defendant failed to offer any evidence at trial to support that defense (*see People v Morales*, 36 AD3d 957, 959 [2007], *lv denied* 8 NY3d 988 [2007]).

Moving to defendant's assault convictions, we reject defendant's claim that there was inadequate proof of his intent to seriously harm the victim (*see* Penal Law § 120.05 [1]; § 120.10 [2]). " 'Intent [to cause serious physical injury (or serious and permanent disfigurement)] may be inferred from conduct as well as the surrounding circumstances' " (*People v Hartman*, 64 AD3d 1002, 1003 [2009], *lv denied* 13 NY3d 860 [2009], quoting *People v Steinberg*, 79 NY2d 673, 682 [1992]). Here, the victim's testimony that during the altercation defendant beat him with the gun and bit off a large piece of his ear, defendant's oral statement to police that he "did what [he] need[ed] to" and "bit his f. . .ing ear off" and the medical evidence regarding the extensive damage to the victim's ear resulting in permanent disfigurement support his assault conviction (*see People v Stewart*, 68 AD3d 1438, 1439-1440 [2009]; *lv denied* 14 NY3d 773 [2010]; *People v Hartman*, 64 AD3d at 1003; *People v Portee*, 56 AD3d 947, 948-950 [2008], *lv denied* 12 NY3d 820 [2009]).

Defendant's conviction for criminal possession of a weapon in the third degree also is supported by the record evidence (*see* Penal Law § 265.01 [1]; § 265.02 [1]). "Where, as here, the People rely on [the theory of] constructive possession . . . it is the People's burden to establish that defendant had dominion and control over the [contraband or the] area where the contraband was found" (*People v Edwards*, 39 AD3d 1078, 1079 [2007]; *see* Penal Law § 10.00 [8]; *People v Manini*, 79 NY2d 561, 573-574 [1992]). The record shows that defendant lived in the first floor apartment of 97 Bradford Street, defendant sold

crack cocaine from that apartment and the victim's bracelet and letters addressed to defendant were found in the apartment. Although the handgun was actually recovered underneath the back porch, ammunition for the handgun was found inside the apartment. This evidence provided the jury with a valid line of reasoning from which it could conclude that defendant exercised dominion and control over the area in which the gun was found and such finding was not against the weight of the evidence (*see People v Young*, 48 AD3d 901, 902-903 [2008]; *People v Edwards*, 39 AD3d at 1079; *People v Elhadi*, 304 AD2d 982, 984 [2003], *lv denied* 100 NY2d 580 [2003]).

Next, we hold that County Court properly denied defendant's motion to sever the drug-related charges that occurred on November 29, 2007 from the robbery and assault charges that occurred three days earlier. Significantly, the People may join multiple offenses in an indictment, " 'even though based on separate and distinct criminal transactions, . . . if they are of such a nature that proof of either offense would be material and admissible as evidence-in-chief upon the trial of the other' " (*People v Rodriguez*, 68 AD3d 1351, 1353 [2009], quoting *People v Bongarzone*, 69 NY2d 892, 895 [1987]; *see* CPL 200.20 [2] [b]). While in custody, defendant stated, "I ain't no robber, I'm a drug dealer, I don't do stick up shit. I just do the narcotics thing. I mean if I had a loaded gun, why would I bite his ear off?" This statement is admissible and material to establish both defendant's identity relating to the assault and robbery charges and his intent to sell and possess narcotics. Likewise, the victim's testimony that defendant offered to trade drugs for his bracelet was material and admissible to prove defendant's intent to sell drugs. Hence, proof relating to defendant's robbery and assault charge was material and admissible to establish defendant's possession and intent to sell narcotics and vice versa; thus, the severance motion was properly denied (*see* CPL 200.20 [2] [b]; *People v Cherry*, 46 AD3d 1234, 1236 [2007], *lv denied* 10 NY3d 839 [2008]; *People v Torra*, 309 AD2d 1074, 1075 [2003], *lv denied* 1 NY3d 581 [2003]).

We also find no error in County Court's refusal to give a justification charge to the jury (*see* Penal Law § 35.15 [1] [b]). Even crediting defendant's version of events, the evidence is insufficient to support a finding that defendant was not the initial aggressor and, thus, the justification charge was not warranted (*see People v Reynoso*, 73 NY2d 816, 818 [1988]; *People v Ham*, 67 AD3d 1038, 1039 [2009]).

Finally, we are persuaded that defendant's sentence warrants modification. Here, defendant was sentenced, as a second felony

offender, to an aggregate prison term of 28½ to 32 years. For all crimes except criminal possession of a controlled substance in the fifth degree, County Court imposed the maximum sentences, citing the violence inherent in biting a piece of a person's ear off and defendant's complete disregard of the law, as evidenced by his drug dealing and possession of a weapon. Although we do not disagree with the court's characterization, we nevertheless find that the maximum sentence imposed on each of the first degree assault and first degree robbery convictions—25 years—is excessive given that defendant was 20 years old when this incident occurred, had never been incarcerated and does not have an extensive criminal history (*see People v Khuong Dinh Pham,* 31 AD3d 962, 967 [2006]; *People v Wilt,* 18 AD3d 971, 973 [2005], *lv denied* 5 NY3d 771 [2005]). Considering all of the particular circumstances of this case, including the fact that defendant was offered a 10-year prison term as part of a plea agreement (*see People v Khuong Dinh Pham,* 31 AD3d at 967), we deem it appropriate to reduce the sentences imposed on those four counts to 15-year determinate sentences, with five years of postrelease supervision (*see People v Garner,* 56 AD3d 951, 952-953 [2008], *lv denied* 12 NY3d 783 [2009]; *People v Collazo,* 45 AD3d 899, 901-902 [2007], *lv denied* 9 NY3d 1032 [2008]). Further, we deem defendant's 3½ to 7 years consecutive prison sentence for his conviction of criminal possession of a weapon in the third degree to be appropriate.

We have considered defendant's remaining contentions, including his claim that he was deprived of the effective assistance of counsel, and find them to be lacking in any merit.

Cardona, P.J., Mercure, Kavanagh and Garry, JJ., concur. Ordered that the judgment is modified, as a matter of discretion in the interest of justice, by reducing the sentences imposed under counts 1, 2, 5 and 6 of the indictment to 15 years for each conviction, followed by five years of postrelease supervision, and, as so modified, affirmed.