People v Scott (2019 NY Slip Op 05589)





People v Scott


2019 NY Slip Op 05589


Decided on July 11, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: July 11, 2019

108587

[*1]THE PEOPLE OF THE STATE OF NEW YORK, Respondent,
v
JEREL M. SCOTT, Appellant.

Calendar Date: June 4, 2019

Before: Garry, P.J., Egan Jr., Aarons, Rumsey and Pritzker, JJ.


Stephen W. Herrick, Public Defender, Albany (Jessica M. Gorman of counsel), for appellant.
P. David Soares, District Attorney, Albany (Jonathan P. Catania of counsel), for respondent.



MEMORANDUM AND ORDER
Aarons, J.
Appeal from a judgment of the County Court of Albany County (Lynch, J.), rendered June 13, 2016, upon a verdict convicting defendant of the crimes of criminal sale of a controlled substance in the third degree, criminal possession of a controlled substance in the seventh degree and resisting arrest.
In January 2015, members of the City of Albany Police Department conducted a buy-bust operation with the assistance of a confidential informant (hereinafter the CI). Following the operation, during which a bag of cocaine and the buy money were recovered from defendant, defendant was arrested and charged in a multicount indictment with various crimes. Prior to trial, defendant moved to suppress the cocaine and the marked buy money seized from him. County Court denied the motion, finding that probable cause existed to arrest defendant. Following a jury trial, defendant was convicted of criminal sale of a controlled substance in the third degree, criminal possession of a controlled substance in the seventh degree and resisting arrest. Defendant was thereafter sentenced to a prison term of two years, followed by two years of postrelease supervision, for his conviction of criminal sale of a controlled substance in the third degree and to time served for the remaining convictions. Defendant appeals. We affirm.
Defendant argues that County Court erred in denying his suppression motion. We disagree. "Probable cause does not require proof sufficient to warrant a conviction beyond a reasonable doubt but merely information sufficient to support a reasonable belief that an offense has been committed by the person arrested" (People v Dorsey, 151 AD3d 1391, 1393 [2017] [internal quotation marks and citations omitted], lv denied 30 NY3d 949 [2017]; see People v Jenkins, 90 AD3d 1326, 1327 [2011], lv denied 18 NY3d 958 [2012]; People v Parker, 84 AD3d 1508, 1509 [2011], lv denied 18 NY3d 927 [2012]). The testimony from the suppression hearing established that the CI was searched before the buy-bust operation took place and no illegal contraband or money was discovered on him. The CI, who was outfitted with audio recording [*2]and transmitting equipment, went into a red car in which defendant was sitting in the front passenger seat. After hearing that the transaction took place, officers from the takedown unit, who were given defendant's description, were advised to stop the red car. A detective with the takedown unit testified that defendant tried to flee but was subdued. While defendant was being restrained, cocaine fell out of his sock and the buy money was discovered in his pocket. In our view, the foregoing evidence was sufficient to demonstrate that probable cause existed to arrest defendant (see People v Stroman, 106 AD3d 1268, 1269-1270 [2013], lv denied 21 NY3d 1046 [2013]; People v Folk, 44 AD3d 1095, 1096 [2007], lvs denied 9 NY3d 1006, 1009 [2007]). Accordingly, defendant's suppression motion was correctly denied.
Defendant contends that the verdict with respect to his convictions of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the seventh degree was not supported by legally sufficient evidence and was against the weight of the evidence [FN1]. As relevant here, a defendant is guilty of criminal sale of a controlled substance in the third degree "when he [or she] knowingly and unlawfully sells a narcotic drug" (Penal Law § 220.39 [1]). As also relevant here, a defendant is guilty of criminal possession of a controlled substance in the seventh degree "when he [or she] knowingly and unlawfully possesses a controlled substance" (Penal Law § 220.03).
The relevant testimony adduced at trial largely mirrored the evidence received at the suppression hearing. Viewing the trial evidence in the light most favorable to the People, we find that the proof was legally sufficient to support the conviction for criminal sale of a controlled substance in the third degree (see People v Torres, 146 AD3d 1086, 1087 [2017], lv denied 29 NY3d 1087 [2017]; People v Gibson, 121 AD3d 1416, 1417 [2014], lv denied 24 NY3d 1119 [2015]; People v Pacheco, 274 AD2d 746, 748 [2000], lv denied 95 NY2d 937 [2000]). Further, although a contrary result would not have been unreasonable, viewing the record evidence in a neutral light, we find that the verdict as to criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the seventh degree was supported by the weight of the evidence (see People v Peterkin, 159 AD3d 1196, 1198 [2018], lv denied 31 NY3d 1151 [2018]; People v Cooley, 149 AD3d 1268, 1269-1270 [2017], lvs denied 30 NY3d 979, 981 [2017]; People v Miles, 61 AD3d 1118, 1119-1120 [2009], lv denied 12 NY3d 918 [2009]; People v Holt, 281 AD2d 749, 750 [2001], lv denied 96 NY2d 902 [2001]). To the extent that defendant challenges the credibility of the sergeant who saw the cocaine come out of defendant's sock, we defer to the jury's resolution of the witness's credibility (see People v Williamson, 77 AD3d 1183, 1184 [2010]).
We reject defendant's argument that County Court erred by failing to preclude the voice identification testimony of a detective who assisted in the takedown of defendant because the People failed to give proper notice under CPL 710.30. Given that this detective listened to the recording for the first time at trial, he did not participate in any pretrial identification procedure. Accordingly, under these circumstances, the notice provisions of CPL 710.30 were inapplicable (see People v Garcia, 22 AD3d 880, 881 [2005]; People v Butler, 16 AD3d 915, 917 [2005], lv denied 5 NY3d 786 [2005]). Nor are we persuaded by defendant's contention that the testimony identifying defendant's voice by the detective who organized the buy-bust operation should have been precluded as unreliable inasmuch as "alternative indices of reliability are . . . found in [the] surrounding facts and circumstances" of this case (People v Lynes, 49 NY2d 286, 292-292 [1980]; see People v Hoffler, 41 AD3d 891, 893 [2007], lvs denied 9 NY3d 962, 963 [2007]).
Garry, P.J., Egan Jr., Rumsey and Pritzker, JJ., concur.
ORDERED that the judgment is affirmed.



Footnotes

Footnote 1: Defendant's legal sufficiency contention is preserved only as it pertains to his conviction of criminal sale of a controlled substance in the third degree given that, in his trial motion to dismiss, defendant stated that he was not making an application with respect to the charge of criminal possession of a controlled substance in the seventh degree (see People v Keener, 138 AD3d 1162, 1162-1163 [2016], lv denied 27 NY3d 1134 [2016]).