■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TYRONE LEE, Appellant. [774 NYS2d 601]—

Mercure, J.P. Appeal from a judgment of the County Court of Tompkins County (Sherman, J.), rendered October 24, 2002, upon a verdict convicting defendant of the crimes of burglary in the second degree, criminal mischief in the fourth degree, petit larceny and resisting arrest.

On February 25, 2002, Toby Violi heard loud banging in the apartment building where he resided. When he investigated, he encountered defendant standing at the door to an apartment occupied by Paige Griffie. After a brief conversation, defendant left and Violi, observing that the door was damaged, called the police and provided Officer Thomas Yetzer with a description of defendant.

The next day, Violi contacted the police again when he saw defendant and another man walking toward his building. Later, Violi watched as the two men exited the building, carrying a pillowcase with an object inside. He then discovered that someone had broken into Griffie's apartment. Yetzer, responding to a radio call, saw the two men walking on the street. After Violi confirmed that defendant was the same person that he had seen the day before, Yetzer radioed Officer William Berich for assistance. Berich arrived on the scene, exited his vehicle and asked the two men to show him their hands. Defendant dropped the pillowcase and fled. He was arrested after a chase and struggle. A safe contained in the pillowcase and other items found along the route of defendant's flight belonged to Griffie.

Defendant was indicted on one count each of burglary in the second degree, criminal mischief in the fourth degree, petit larceny and resisting arrest. Prior to trial, County Court denied defendant's motion to suppress the evidence obtained after he was stopped by police. County Court also allowed the prosecution to introduce evidence of the February 25, 2002 incident, and that defendant possessed a hammer when Berich attempted to stop him. Following a jury trial, defendant was convicted on

all counts and sentenced to an aggregate prison term of five years. Defendant appeals and we now affirm.

First, we reject defendant's argument that County Court erred in failing to grant his motion to suppress evidence obtained by police at the time of his arrest. A police officer may stop and detain an individual if the officer "has reasonable suspicion that a particular person was involved in a felony or misdemeanor" (*People v Hollman*, 79 NY2d 181, 185 [1992]; *see People v Roque*, 99 NY2d 50, 54 [2002]; *People v De Bour*, 40 NY2d 210, 223 [1976]). Here, Yetzer was aware of the alleged attempted burglary on February 25, 2002, and that defendant had been seen leaving the apartment building prior to the stop. Further, Violi told Yetzer that defendant was the man he had seen attempting to enter Griffie's apartment. The officers observed defendant carrying a pillowcase with a large object inside it, and that a wooden tool handle was sticking out of his pocket. Under these circumstances, we find that the police, as a whole, had reasonable suspicion that defendant had committed a crime, justifying both the attempted stop and pursuit after defendant fled.

Nor did County Court err in allowing into evidence the facts of the February 25, 2002 incident and defendant's possession of a hammer at the time that he was approached by police. The evidence was relevant to prove defendant's intent to commit burglary (*see People v Cooper [Lewis]*, 238 AD2d 194, 195 [1997], *lvs denied* 90 NY2d 939, 941 [1997]). Evidence of the February 25 incident also placed into context Violi's decision to call the police when he saw defendant the next day (*see People v Till*, 87 NY2d 835, 837 [1995]; *People v Tarver*, 2 AD3d 968, 969 [2003]). Because the evidence was highly probative and outweighed any prejudice to defendant, it was properly admitted (*see People v Ventimiglia*, 52 NY2d 350, 359-360 [1981]).

Defendant next argues that County Court erred in admitting his arrest photograph into evidence. While arrest photographs may not be admitted if irrelevant to the issues at trial (*see People v Diaz*, 277 AD2d 325 [2000], *lv denied* 96 NY2d 758 [2001]; *People v Rivera*, 192 AD2d 561, 562 [1993], *lv denied* 81 NY2d 1079 [1993]; *People v Gerbino*, 132 AD2d 566, 566-567 [1987]), the photograph here was relevant to the jury's determination whether defendant, who had changed his appearance since his arrest, matched the description given by Violi and the responding police officers (*see People v Logan*, 25 NY2d 184, 195-196 [1969], *cert denied* 396 US 1020 [1970]). In any event, given the overwhelming evidence of defendant's guilt, any error in admitting the photograph was harmless (*see People v Rivera, supra* at 562).

We have considered defendant's remaining arguments, including his claims of prosecutorial misconduct, and conclude that they are either unpreserved for our review or meritless.

Crew III, Carpinello, Rose and Lahtinen, JJ., concur. Ordered that the judgment is affirmed.