■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DENNIS BOODROW, Appellant. [816 NYS2d 621]—

Spain, J. Appeal from a judgment of County Court of Albany County (Breslin, J.), rendered June 10, 2003, upon a verdict convicting defendant of the crime of criminal possession of stolen property in the fourth degree.

On October 28, 2002, after police observed a traffic infraction and stopped a car driven by Paul Mead in the Town of Guilderland, Albany County, defendant and Kristen Bundy, passengers in the car, were jointly indicted for criminal possession of stolen property in the fourth degree. At their joint trial, the testimony and evidence established that various stolen merchandise was discovered in the car, including DVDs, Polaroid film and razor cartridges taken from a nearby grocery store with a value of $666. There was also a bag containing over $470 worth of hardware stolen from a home improvement store. The jury convicted them as charged, and defendant was sentenced as a predicate felon to a prison term of 2 to 4 years. Defendant now appeals, and we affirm.

To the extent that defendant challenges the legal sufficiency of the evidence, viewing the evidence in the light most favorable to the People (*see People v Lynch*, 95 NY2d 243, 247 [2000]), we find that the proof adduced established beyond a reasonable doubt that defendant possessed the items knowing they were stolen—with the requisite intent—and that their value exceeded $1,000 (*see* Penal Law § 165.45 [1]; *People v Bleakley*, 69 NY2d 490, 495 [1987]; *People v Logan*, 19 AD3d 939, 942 [2005], *lv denied* 5 NY3d 830 [2005]). Defendant's challenge to the adequacy of the proof regarding his constructive possession was not preserved for appellate review by defense counsel's general motion to dismiss at the close of the People's proof (*see People v Finger*, 95 NY2d 894, 895 [2000]; *People v Gray*, 86 NY2d 10, 19 [1995]); in any event, defendant's dominion and control were sufficiently established (*see* Penal Law § 10.00 [8]; *People v Manini*, 79 NY2d 561, 573 [1992]; *People v Leader*, 27 AD3d 901, 904 [2006]). Also unpreserved and meritless is defendant's challenge to the adequacy of the corroborative evidence of Mead's accomplice testimony, which was amply corroborated by the proof of defendant's presence in the car with the stolen items, Bundy's testimony and the grocery store video pictures reflecting (at least) defendant's knowledge that the items were stolen, and defendant's admissions to police when the car was stopped.

Defendant's further contentions that Mead's account was "implausible" and that Bundy's testimony was "more logical" constitute a challenge to the verdict as contrary to the weight of credible evidence which—upon our independent review of the conflicting evidence (*see People v Bleakley, supra* at 495)—we find unpersuasive. " '[W]e accord great deference to the jury's conclusions regarding the credibility of witnesses and the weight to be given their testimony' " (*People v Smith*, 27 AD3d 894, 897 [2006], quoting *People v Newell*, 290 AD2d 652, 654 [2002], *lv denied* 98 NY2d 712 [2002]), and discern no reason to disturb that assessment (*People v Weber*, 25 AD3d 919, 921 [2006], *lv denied* 6 NY3d 839 [2006]).

Finally, we have considered defendant's request that we invoke our power to reverse "as a matter of discretion in the interest of justice" (CPL 470.15 [3]; *see People v Carter*, 63 NY2d 530, 536 [1984]), but find no grounds for doing so on this record (*cf. People v Kidd*, 76 AD2d 665 [1980], *appeal dismissed* 51 NY2d 882 [1980]). Defendant's remaining claims are also unpersuasive.

Cardona, P.J., Mercure, Peters and Kane, JJ., concur. Ordered that the judgment is affirmed.