■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TIMOTHY M. ABUIZ, Appellant. [817 NYS2d 782]—

Crew III, J. Appeal from a judgment of the County Court of Delaware County (Becker, J.), rendered December 14, 2004, upon a verdict convicting defendant of the crimes of criminal possession of a weapon in the third degree (seven counts), criminal possession of a weapon in the fourth degree (seven counts), criminal possession of stolen property in the fourth degree and prohibited use of a firearm.

Defendant was indicted and charged with seven counts of criminal possession of a weapon in the third degree, seven counts of criminal possession of a weapon in the fourth degree, one count of criminal possession of stolen property in the fourth degree, one count of menacing in the second degree and one count of prohibited use of a firearm. Following a jury trial, defendant was found guilty of all counts except menacing and was sentenced as a second felony offender to concurrent prison terms in the aggregate of 3½ to 7 years. Defendant now appeals.

Evaluating the evidence in a neutral light and according due deference to the jury's credibility determinations (see People v Wright [K.O.], 22 AD3d 873, 876 [2005], lvs denied 6 NY3d 755, 761 [2005]), we find the verdict is amply supported by the weight of the evidence, notwithstanding defendant's assertion to the contrary.

We likewise find no merit to defendant's contention that County Court erred in permitting evidence of defendant's theft of the guns he was charged with illegally possessing. At the time of the reception of that evidence, the court quite properly limited its use and effect by instructing the jury that the evidence could only be used for the purpose of determining whether defendant had knowledge that the guns were stolen and not as

proof of his propensity to commit the crimes at issue (*see People v Lotmore*, 276 AD2d 901, 902 [2000], *lv denied* 96 NY2d 736 [2001]).

We reach a different conclusion with regard to County Court's response to an inquiry by the jury. When asked whether it was possible for defendant to be found guilty of criminal possession of a weapon in the third degree (possession of a defaced firearm) without being found guilty of criminal possession of a weapon in the fourth degree (possession while having a felony conviction) the court, recognizing that defendant had admitted during trial to having been convicted of burglary, instructed the jury that as to "this defendant," it would not be possible to violate Penal Law § 265.02 (3) without violating Penal Law § 265.01 (4). In so doing, County Court usurped the jury's fact-finding function and, in effect, directed a verdict of guilt as to criminal possession of a weapon in the fourth degree in the event that the jury found defendant guilty of criminal possession of a weapon in the third degree. Accordingly, as to those counts charging defendant with criminal possession of a weapon in the fourth degree, there must be a new trial. We have considered defendant's remaining arguments and find them unavailing.

Cardona, P.J., Spain, Rose and Lahtinen, JJ., concur. Ordered that the judgment is modified, on the law, by reversing defendant's convictions of criminal possession of a weapon in the fourth degree under counts 2, 4, 6, 8, 10, 12 and 14 of the indictment; matter remitted to the County Court of Delaware County for a new trial on said counts; and, as so modified, affirmed.