THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANDREW A. ALBANESE, Appellant. [831 NYS2d 280]—

Spain, J. Appeal from a judgment of the County Court of Chenango County (Sullivan, J.), rendered September 16, 2005, upon a verdict convicting defendant of the crime of criminal possession of stolen property in the third degree.

Defendant was charged with burglary in the third degree, grand larceny in the third degree and criminal possession of stolen property in the third degree after several motorcycles, tools and various other items—which had been reported stolen from the property of a seasonal neighbor of defendant—were found in and around defendant's trailer. After the victim of the burglary reported the items missing, the police interviewed an acquaintance of the victim who told police that, the day prior to the burglary, he had taken defendant to the victim's property to ride dirt bikes and defendant had been inquisitive about the victim's possessions. Thereafter, the police sought to question defendant at his home. Defendant lived on a 40-acre parcel of land belonging to his mother which accommodated numerous trailers, including one owned by defendant. When the police knocked at defendant's door, they heard movement within, followed by a loud noise from the back of the trailer. The officers went around to the back and found a window open and surmised that someone had vacated the trailer through the window and gone into the woods. In the course of their visit, the officers noticed several motorcycles and other items which matched the description of the property reported stolen. These items were later identified by the victim. The next day, the police returned with a search warrant and recovered more stolen property and found, in the trailer, boots belonging to defendant bearing a distinctive pattern on the sole which matched the pattern of a boot print found at the scene of the burglary. When police returned with a warrant for defendant's arrest the following day, defendant was outside the trailer and escaped into the woods. Approximately one week later, defendant surrendered to police.

Following a jury trial, defendant was acquitted of the burglary and larceny counts, but convicted of criminal possession of stolen property in the third degree and sentenced to 2 to 6 years in prison. On defendant's appeal, we now affirm.

The conviction is supported by legally sufficient evidence. "A person is guilty of criminal possession of stolen property in the third degree when he [or she] knowingly possesses stolen property, with intent to benefit himself [or herself] or a person other than an owner thereof or to impede the recovery by an owner thereof, and when the value of the property exceeds three thousand dollars" (Penal Law § 165.50). When the evidence is

considered in the light most favorable to the prosecution, the conviction must be upheld on appeal if there exists "any valid line of reasoning and permissible inferences which could lead a rational person to the conclusion reached by the jury on the basis of the evidence at trial and as a matter of law satisfy the proof and burden requirements for every element of the crime charged" (*People v Bleakley*, 69 NY2d 490, 495 [1987] [citation omitted]; *see People v Khuong Dinh Pham*, 31 AD3d 962, 964 [2006]). At this juncture, defendant does not dispute that the property recovered at defendant's trailer was stolen or that its value exceeded the $3,000 threshold amount. Further, defendant's knowledge and intent are properly inferable from record evidence demonstrating his control of the premises where the property was recovered, the fact that one of the motorcycles was discovered in the process of being "stripped" of its identifying attributes, and his flight from police (*see People v Manini*, 79 NY2d 561, 573-574 [1992]; *People v Baskerville*, 60 NY2d 374, 382 [1983]; *People v Arrington*, 31 AD3d 801, 803 [2006], *lvs denied* 7 NY3d 865, 868 [2006]; *People v Mangual*, 13 AD3d 734, 736 [2004], *lv denied* 4 NY3d 800 [2005]).

Defendant's contention that the verdict is against the weight of the evidence is also unavailing. As a different verdict would not have been unreasonable, we must, "like the trier of fact below, 'weigh the relative probative force of conflicting testimony and the relative strength of conflicting inferences that may be drawn from the testimony' " and determine whether the trier of fact gave the evidence the weight it should be accorded (*People v Bleakley, supra* at 495, quoting *People ex rel. MacCracken v Miller*, 291 NY 55, 62 [1943]). Here, ample evidence introduced at trial established that defendant controlled and occupied the premises where the stolen items were recovered. Although defendant and other interested witnesses testified that other individuals had been staying in defendant's trailer at the time the stolen items were recovered, given the inconsistencies in this testimony, the interest of the witnesses, and evidence of their criminal histories and/or drug use, we conclude that the jury reasonably resolved this credibility determination and found that defendant knowingly and unlawfully possessed the items which had been recently stolen from his neighbor's property (*see People v Abuiz*, 31 AD3d 889, 889-890 [2006]; *People v Boodrow*, 30 AD3d 758, 759 [2006], *lv denied* 7 NY3d 900 [2006]; *People v Jackson*, 282 AD2d 830, 832 [2001], *lv denied* 96 NY2d 902 [2001]).

As defendant's remaining contentions on appeal, including those raised in his pro se submission to this Court, were not

preserved for appellate review by an appropriate objection at trial, we address them only in the context of deciding whether defendant was afforded the effective assistance of counsel (*see* CPL 470.05 [2]; *People v Singh*, 16 AD3d 974, 977 [2005], *lv denied* 5 NY3d 769 [2005]; *People v Van Guilder*, 282 AD2d 773, 773 [2001], *lv denied* 96 NY2d 836 [2001]).* First, defense counsel's failure to request an additional circumstantial evidence charge in light of the fact that the evidence pertaining to the criminal possession of stolen property count was entirely circumstantial—although a significant oversight (*see People v Brian*, 84 NY2d 887, 889 [1994]; *People v David*, 234 AD2d 787, 790 [1996], *lv denied* 89 NY2d 1034 [1997])—did not render defense counsel's assistance ineffective. Indeed, given the strong evidence of defendant's guilt on the possession charge and the fact that the court in all other respects properly instructed the jury concerning the use of circumstantial evidence—including the fact that any inference of guilt to be drawn from circumstantial evidence must be an inference of guilt beyond a reasonable doubt—we conclude that had the specific charge been given, "there was not a reasonable likelihood that the error alone changed the outcome of the case" (*People v Gunney*, 13 AD3d 980, 983 [2004], *lv denied* 5 NY3d 789 [2005]; *see People v Brian*, *supra* at 889; *People v Lopez*, 28 AD3d 234, 235 [2006], *lv denied* 7 NY3d 758 [2006]; *People v Douglas*, 296 AD2d 656, 657-658 [2002], *lv denied* 99 NY2d 535 [2002]).

That defense counsel's performance resulted in a less than perfect trial did not amount to ineffective assistance of counsel where the error was not completely dispositive of the case and "the evidence, the law, and the circumstances of [this] particular case, viewed in totality and as of the time of the representation, reveal that the attorney provided meaningful representation" (*People v Baldi*, 54 NY2d 137, 147 [1981]; *see People v Sieber*, 26 AD3d 535, 536 [2006], *lv denied* 6 NY3d 853 [2006]; *People v Glanda*, 18 AD3d 956, 960 [2005], *lvs denied* 6 NY3d 754 [2005], 6 NY3d 848 [2006]; *People v Martinez [Cruz]*, 9 AD3d 679, 681 [2004], *lv denied* 3 NY3d 705, 709 [2004]; *People v Wright*, 5 AD3d 873, 877 [2004], *lv denied* 3 NY3d 651 [2004]; *cf. People v Turner*, 5 NY3d 476, 480 [2005]; *People v Smith*, 30 AD3d 693, 693-694 [2006]). The representation proffered by counsel was clearly meaningful; he presented a plausible defense supported by the testimony of five witnesses, successfully voiced objections during trial and, most significantly, succeeded in

---

* Defendant's single preserved contention of trial error—that the court erred in refusing to admit certain documentary evidence—is moot as County Court ultimately reversed its decision and admitted the exhibit.

obtaining a not guilty verdict on the two more serious charges for which defendant was charged.

Defendant's remaining challenges to County Court's charge to the jury are without merit. Likewise, defendant's contention that he was deprived of a fair trial due to prosecutorial misconduct is unavailing as the comments made by the prosecutor during voir dire and during summation with which defendant takes issue were either appropriate or, if improper, not so prejudicial to defendant as to render counsel's failure to object to them evidence of ineffective assistance of counsel (*see People v Barnes*, 80 NY2d 867, 868 [1992]; *People v Jordan*, 34 AD3d 927, 930-931 [2006]; *People v Stasiak*, 25 AD3d 1025, 1026-1027 [2006]; *People v McCombs*, 18 AD3d 888, 890 [2005]; *People v Greene*, 13 AD3d 991, 993 [2004], *lv denied* 5 NY3d 789 [2005]; *People v Wright*, 5 AD3d 873, 875 [2004], *lv denied* 3 NY3d 651 [2004]). Finally, we discern no error in counsel's failure to pursue those arguments raised by defendant in his pro se submissions to this Court because we conclude that they are without merit.

Cardona, P.J., Carpinello, Rose and Kane, JJ., concur. Ordered that the judgment is affirmed.