■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERTO P. TORRES, Appellant. [845 NYS2d 544]—

Rose, J. Appeal from a judgment of the County Court of Montgomery County (Catena, J.), rendered September 6, 2006, upon a verdict convicting defendant of the crime of burglary in the second degree.

At defendant's jury trial on a charge of burglary in the second degree, Marquis Lanier testified that although he was present when defendant and defendant's nephew broke into the victims' residence to burglarize it, he had attempted to prevent them from doing so and did not himself enter the residence. County Court instructed the jurors to determine whether Lanier was an accomplice and, if he was, whether his testimony was corroborated. The jury found defendant guilty of burglary in the second degree, he was sentenced to a prison term of five years and he now appeals.

Although defendant contends that his conviction was not supported by legally sufficient evidence, his motion to dismiss made at the close of the People's case was limited to the alleged lack of evidence corroborating Lanier's testimony as an accomplice (see CPL 60.22 [1]). Accordingly, the broader contention that he now asserts is not preserved (see People v Gray, 86 NY2d 10, 19 [1995]; cf. People v Finger, 95 NY2d 894, 895 [2000]). As for the limited assertion that there was insufficient corroborative evidence, we disagree. If the jury concluded that Lanier was an accomplice, the record contains sufficient independent corroborating evidence to permit consideration of his testimony in support of defendant's conviction (see People v Hudson, 51 NY2d 233, 238-239 [1980]; People v Thomas, 33 AD3d 1056, 1057 [2006], lv denied 8 NY3d 850 [2007]). Were we to address defendant's broader contention, we would conclude that there is sufficient

evidence to support every element of the crime of burglary in the second degree. Upon viewing that evidence in a neutral light and deferring to the jury's determination to credit Lanier's testimony, we conclude that the jury gave the evidence the weight it should be accorded.

Defendant next contends that testimony of the loss of a lock of hair that had been kept by the victims as a memento of a deceased child should have been excluded as unnecessary and unduly prejudicial. While determinations weighing the probative value against the prejudicial effect of such evidence rest within the trial court's discretion and will be reviewed in light of the facts and circumstances of each case (*see People v Primo,* 96 NY2d 351, 355 [2001]; *see also People v Hayes,* 97 NY2d 203, 207-208 [2002]), we agree that defendant preserved this issue and that the potential prejudice of this evidence clearly outweighed its probative value. We deem the error to be harmless, however, because it was mentioned only once in testimony describing the items that had been contained in a stolen firesafe box, no attention was drawn to it and the other evidence of defendant's guilt was overwhelming (*see People v Humphrey,* 15 AD3d 683, 685 [2005], *lv denied* 5 NY3d 763 [2005]; *People v Lee,* 6 AD3d 751, 753 [2004]).

Finally, we find no abuse of discretion or extraordinary circumstances warranting a reduction in the sentence (*see e.g. People v Carelli,* 41 AD3d 1092, 1093 [2007]; *People v Carter,* 40 AD3d 1211, 1213 [2007], *lv denied* 9 NY3d 864 [2007]).

Cardona, P.J., Carpinello, Mugglin and Lahtinen, JJ., concur. Ordered that the judgment is affirmed.