■ The People of the State of New York, Respondent, v Richard J. Green Jr., Appellant. [853 NYS2d 695]—

Rose, J.

Following a jury trial, defendant was convicted, as charged in two consolidated indictments, of seven counts of burglary in the third degree and seven counts of petit larceny as a result of his breaking into and stealing property from six local businesses within a three-week period. He was also convicted of five counts of criminal contempt in the second degree. County Court sentenced defendant, as a second felony offender, to an aggregate prison term of 15 to 30 years. Defendant appeals, and we affirm.

Defendant argues that his conviction of five of the burglaries

is not supported by legally sufficient evidence. This challenge, however, is unpreserved as to all but one of the burglaries because no grounds were specified in the defense's motion for dismissal at the close of the proof (*see People v Gray*, 86 NY2d 10, 19 [1995]; *People v Torres*, 45 AD3d 1054, 1054 [2007]). In any event, as to all of the burglaries, we find the People presented legally sufficient evidence that defendant was the perpetrator.

As to five of the burglaries, the testimony of defendant's girlfriend, who was his accomplice, placed him at the times and places of the crimes. As to four of these burglaries, she also described how defendant had either physically broken into the business premises or returned to her car with a cash register in his possession. This testimony was adequately corroborated by proof that police officers were able to recover the items of stolen property from the places where the girlfriend said they would be located, the presence of matching DNA at one of the crime scenes and the similarity of the modus operandi of the burglaries (*see People v Faulkner*, 36 AD3d 951, 952 [2007], *lv denied* 8 NY3d 922 [2007]; *People v Mensche*, 276 AD2d 834, 834-835 [2000], *lv denied* 95 NY2d 966 [2000]). As to the remaining two burglaries at Kenney's Marine, the evidence showed that they both matched defendant's modus operandi, defendant had money during the relevant time period despite being unemployed, and his DNA was also found at this scene after the second, similar break-in 12 days later. Viewing the evidence in a neutral light and according deference to the jury's firsthand assessment of witness credibility and the inferences that could be drawn from the physical evidence, we further find that the jury gave the evidence the weight it should be accorded (*see People v Albanese*, 38 AD3d 1015, 1017 [2007], *lv denied* 8 NY3d 981 [2007]; *People v Hutcherson*, 25 AD3d 912, 914 [2006], *lv denied* 6 NY3d 849 [2006]).

Defendant also contends that County Court erred in failing to give the jury a charge regarding circumstantial evidence as to the two burglaries at Kenney's Marine. This challenge, however, was not preserved for our review because defendant failed to request an additional charge or object to the jury charge as given (*see e.g. People v Edwards*, 39 AD3d 1078, 1081 [2007]), and we decline to exercise our interest of justice jurisdiction with respect to this issue (*see* CPL 470.05 [2]; *People v Zakrzewski*, 7 AD3d 823, 824 [2004]).

Lastly, we find neither an abuse of discretion nor extraordinary circumstances meriting a reduction in defendant's sentence (*see People v Gilliam*, 300 AD2d 701, 703 [2002], *lv denied* 99

NY2d 628 [2003]). The term of imprisonment imposed on each of the burglary convictions is less than the maximum permitted by statute, and they were properly made consecutive (*see* Penal Law § 70.06 [3] [d]; [4] [b]; *People v Mason*, 2 AD3d 1207, 1207-1208 [2003]). Also, to the extent that defendant cites his cocaine addiction as the reason for his impulsive criminal conduct, we note that he repeatedly failed to take advantage of the opportunities for drug counseling and treatment that previously had been offered to him.

Mercure, J.P., Spain, Lahtinen and Kane, JJ., concur. Ordered that the judgment is affirmed.