■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JESSE BERRY, Appellant. [910 NYS2d 281]—

Lahtinen, J. Appeal from a judgment of the County Court of Schenectady County (Hoye, J.), rendered April 29, 2009, upon a verdict convicting defendant of the crime of criminal possession of stolen property in the fourth degree (three counts).

In the early morning hours of July 3, 2008, a resident of the Town of Rotterdam, Schenectady County observed defendant and Jeremy Nix as they rifled through vehicles in her neighborhood and rode from house to house in a Ford Explorer. The witness relayed her observations to a police officer and also supplied the officer with the Explorer's license number. A computer check on the license conducted by police revealed that the Explorer had been reported as stolen. Soon thereafter, the officer located the vehicle, which was driven by Nix with defendant as a passenger. Defendant and Nix were arrested, and a search of the vehicle resulted in police retrieving several credit cards that did not belong to either man.

The men were charged as codefendants in a five-count indictment. One count was dismissed prior to trial. Defendant proceeded to trial on the remaining four counts, all of which charged criminal possession of stolen property in the fourth degree; the first count pursuant to Penal Law § 165.45 (5) (motor vehicle exceeding $100 value) and the other three counts pursuant to Penal Law § 165.45 (2) (separate counts for each of the three credit cards found in the vehicle). Nix, who received a favorable plea deal, testified on behalf of the People. A jury acquitted defendant of one of the counts pertaining to a credit card, but found him guilty of the remaining three counts. He was sentenced as a second felony offender to concurrent prisons terms of 2 to 4 years on each count and now appeals.

Defendant contends that the verdict was not supported by legally sufficient evidence and was against the weight of the evidence. He premises this contention primarily upon the argument that the testimony of Nix was from an accomplice and was not sufficiently corroborated (*see* CPL 60.22). " 'New York's accomplice corroboration protection, while persistently unique, requires only enough nonaccomplice evidence to assure that the accomplices have offered credible probative evidence' " (*People v Besser*, 96 NY2d 136, 143 [2001], quoting *People v Breland*, 83 NY2d 286, 293 [1994]). "Indeed, even '[s]eemingly insignificant matters may harmonize with the accomplice's narrative so as to provide the necessary corroboration' " (*People v Caban*, 5 NY3d 143, 155 [2005], quoting *People v Steinberg*, 79 NY2d 673, 683 [1992]). "Independent evidence need not be offered to establish each element of the offense or even an element of the offense; the People's burden is merely to offer some nonaccomplice evidence 'tending to connect' defendant to the crime charged" (*People v Besser*, 96 NY2d at 143-144, quoting CPL 60.22 [1]; *see People v Reome*, 15 NY3d 188, 191-192 [2010]).

Here, Nix testified that, after he and another individual found the key hidden in the unlocked Explorer, they stole the vehicle, picked up defendant and told him that it was stolen. According to Nix, over the next several days, defendant drove the vehicle at various times, slept in the vehicle, suggested leaving the vehicle temporarily to avoid police detection and participated in using the vehicle to drive around the area for the purpose of seeking unlocked cars to rummage through for any valuables. Nix recalled that some of the stolen credit cards discovered by police in the Explorer came from a wallet found in a briefcase located in a vehicle that he and defendant had broken into. He also recalled finding a passport in that vehicle with a "foreign sounding" name. Corroborative evidence included testimony of the witness who observed defendant and Nix using the Explorer to go from house to house in her neighborhood trying car doors and entering unlocked vehicles. In addition, the owner of the stolen credit cards testified that the credit cards were in his billfold inside a briefcase located in his vehicle parked at his home in Schenectady County and he discovered his briefcase missing from the vehicle the following morning, along with other items.

The testimony of the witnesses at trial set forth evidence that was "adequate 'to satisfy the minimal requirements' " for corroborative evidence (*People v Gilbo*, 52 AD3d 952, 954 [2008], *lv denied* 11 NY3d 788 [2008], quoting *People v Jones*, 85 NY2d 823, 825 [1995]; *see People v Riddick*, 246 AD3d 821, 822-823

[1998], *lv denied* 91 NY2d 944 [1998]; *People v Adams*, 198 AD2d 545, 546 [1993]). In addition, when viewed in the light most favorable to the People, the evidence was legally sufficient for a jury to find that each of the elements of the crimes for which defendant was convicted was established beyond a reasonable doubt (*see People v Boodrow*, 30 AD3d 758, 759 [2006], *lv denied* 7 NY3d 900 [2006]; *People v Harrison*, 251 AD2d 893, 895 [1998], *lv denied* 92 NY2d 949 [1998]). Having also evaluated the evidence in a neutral light while according deference to the jury's credibility determinations, we find that the jury's verdict was not against the weight of the evidence (*see People v Green*, 49 AD3d 1029, 1030 [2008], *lv denied* 10 NY3d 863 [2008]; *People v Torres*, 45 AD3d 1054, 1054-1055 [2007], *lv denied* 10 NY3d 772 [2008]).

Next, we address briefly several of defendant's arguments. With regard to the *Molineux* evidence, we find no reversible error. County Court engaged in a proper balancing of the probative value against potential prejudice, permitted a limited amount of inextricably interwoven recent acts that were also relevant to motive, and gave appropriate cautionary instructions to the jury about such evidence (*see generally People v Alvino*, 71 NY2d 233, 241-243 [1987]; *People v Jeanty*, 268 AD2d 675, 679 [2000], *lv denied* 94 NY2d 945 [2000]). County Court acted within its discretion in not permitting defendant to call two witnesses who purportedly would have contradicted a small portion of Nix's testimony since this involved a collateral issue pertinent only to Nix's credibility (*see People v Pavao*, 59 NY2d 282, 288-289 [1983]); and, moreover, Nix acknowledged his prior inconsistency (*see People v Benson*, 233 AD2d 749, 751 [1996], *lv denied* 89 NY2d 940 [1997]). Defendant's contention that County Court failed to comply with the requirements of CPL 400.21 when sentencing him as a second felony offender was not preserved for review as he did not object at sentencing and, in any event, the record reflects substantial compliance with the statutory requirements (*see People v Glynn*, 72 AD3d 1351, 1352 [2010], *lv denied* 15 NY3d 773 [2010]; *People v Atkinson*, 58 AD3d 943, 944 [2009]).

Finally, we consider defendant's assertion that it was error not to grant his request to charge the jury as to various lesser included offenses. Specifically, he asked for a charge of criminal possession of stolen property in the fifth degree (*see* Penal Law § 165.40) as a lesser included offense of all the charges. He also requested a charge under the joyriding statute—i.e., unauthorized use of a vehicle in the third degree (*see* Penal Law § 165.05 [1])—as a lesser included offense of the possession charge involv-

ing the Explorer. A defendant is entitled to a lesser included offense charge upon satisfying a two-part test—the "defendant must establish that it is impossible to commit the greater crime without concomitantly committing the lesser offense by the same conduct . . . [and] there must be a reasonable view of the evidence to support a finding that the defendant committed the lesser offense but not the greater" (*People v Van Norstrand*, 85 NY2d 131, 135 [1995] [citations omitted]; *see People v Davis*, 14 NY3d 20, 22-23 [2009]; *People v Glover*, 57 NY2d 61, 63-64 [1982]).

The request for a charge of criminal possession of stolen property in the fifth degree was properly denied as to all counts. Although the first prong of the test was satisfied, there was no reasonable view of the evidence that the count involving the Explorer was anything other than a motor vehicle that exceeded $100 in value (*see* Penal Law § 165.45 [5]) when the owner testified that he received about $2,200 for it shortly after it was recovered. As for the two counts involving credit cards, there is no reasonable view of the evidence that the stolen items were anything but credit cards (*see* Penal Law § 165.45 [2]). Finally, in light of the evidence establishing possession of the Explorer for several days by defendant and Nix, their use of the vehicle and Nix's admission of stealing the vehicle, we find that County Court properly denied the request for a charge of unauthorized use of a vehicle since the evidence does not reasonably support a conclusion that the Explorer was merely being used for a joy ride (*see People v Palmer*, 193 AD2d 888, 889-890 [1993]).

Cardona, P.J., Mercure, Spain and Garry, JJ., concur. Ordered that the judgment is affirmed.