■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DUANE EDWARDS, Appellant. [946 NYS2d 269]—

Peters, P.J. Appeal from a judgment of the Supreme Court (Lamont, J.), rendered July 16, 2009 in Albany County, upon a verdict convicting defendant of the crimes of burglary in the second degree, petit larceny and criminal possession of stolen property in the fifth degree.

On a snowy December evening, the victim arrived at his home located on Washington Avenue in the City of Albany to find that his alarm system had been triggered. Upon entering his home through its back door, the victim discovered that the alarm siren had been ripped off the wall, the key pad to the alarm system was dangling by a wire and all the lights in his house were on, including the basement lights. Descending the basement stairwell to investigate, the victim spotted defendant darting out the basement door leading to the front exterior of the victim's home and gave chase. Following a struggle, during which the victim's neighbor assisted in subduing defendant, the victim was able to hold defendant on the ground until the arrival of police. A cursory search for weapons on defendant's person revealed, among other things, a pair of circuit breakers in defendant's pocket, which the victim later identified as having been taken from his utility room. Following a jury trial, defendant was convicted of burglary in the second degree, petit larceny and criminal possession of stolen property in the fifth degree and sentenced, as a second felony offender, to an aggregate prison term of 14 years to be followed by five years of postrelease supervision. He now appeals.

Defendant argues that his convictions were against the weight of the evidence, claiming that the victim was "too distressed" by the burglary to have accurately identified him as the perpetrator and that he was never in possession of the victim's stolen circuit breakers. The victim testified at trial that, upon discovering that a man wearing a green army jacket was attempting to flee from his basement, he immediately ran after the intruder and was able to wrestle him to the ground before he even left the victim's property. During the ensuing struggle, which lasted for approximately 10 minutes, the victim got a "good look" at the perpetrator's face and the two men, along with the neighbor, stood waiting for the police on a well-lit street before the perpetrator, apparently startled by the onset of police sirens, again attempted to evade capture by jumping over a short wrought iron fence surrounding the victim's property and making a getaway down the street. The victim again promptly took chase and was able to subdue the perpetrator on the street near the victim's home until police arrived. Both the victim and the neighbor, who also testified, identified defendant as this man.

Defendant, on the other hand, testified that on the evening in question, he was walking down Washington Avenue on his way to a rescue mission when the victim came up behind him, threw him to the ground and held him there for no apparent reason. Notably, defendant admitted to wearing a green army jacket of the same style as that worn by the perpetrator and, although he persistently denied having committed any crime, this presented a credibility issue for the jury to resolve (*see People v Higgins*, 57 AD3d 1315, 1317 [2008], *lv denied* 12 NY3d 817 [2009]; *People v Lozada*, 41 AD3d 1042, 1043 [2007], *lv denied* 9 NY3d 924 [2007]). Viewing the evidence in a neutral light and according deference to the jury's credibility determinations (*see People v Bleakley*, 69 NY2d 490, 495 [1987]; *People v Higgins*, 57 AD3d at 1317), we are satisfied that the verdict of guilt on each of the counts is supported by the weight of the evidence (*see People v Woodrow*, 91 AD3d 1188, 1190 [2012], *lv denied* 18 NY3d 999 [2012]; *People v Colon*, 42 AD3d 549, 550 [2007], *lv denied* 9 NY3d 922 [2007]; *People v Armstrong*, 11 AD3d 721, 723 [2004], *lv denied* 4 NY3d 760 [2005]).

We are similarly unpersuaded by defendant's contention that he was denied the effective assistance of counsel. As the defense relied primarily upon the theory that defendant was not the same man that the victim and the neighbor observed fleeing the victim's home, counsel's decision to elicit testimony regarding whether the neighbor recognized defendant as the perpetrator constituted legitimate trial strategy (*see People v Kuforiji*, 88 AD3d 1165, 1167 [2011]; *People v Young*, 35 AD3d 958, 961 [2006], *lv denied* 8 NY3d 929 [2007]; *People v Cordilione*, 159 AD2d 864, 867 [1990], *lv denied* 76 NY2d 786 [1990]). Defendant further faults counsel for failing to object to testimony of the responding officer regarding statements made by the victim to the officer during his investigation. However, as none of the officer's statements provided evidence not already introduced at trial by the victim himself, any alleged errors by counsel in this regard were not "so egregious as to prejudice defendant's right to a fair trial" (*People v Garrow*, 75 AD3d 849, 852 [2010]; *see People v Albanese*, 38 AD3d 1015, 1019 [2007], *lv denied* 8 NY3d 981 [2007]; *see also People v Oathout*, 90 AD3d 1418, 1421 [2011]). Defendant's remaining contention that counsel was ineffective in presenting what defendant believes to be an impermissibly brief boilerplate closing argument is also without merit. Counsel's closing argument, which spans the course of several pages in the record, was tailored to the issues of this short, two-day trial, and implored the jury to consider what counsel perceived to be weaknesses in the People's case (*compare People v Chapman*, 54 AD3d 507, 511 [2008]). Our review of the

record reveals that counsel presented a clear and consistent defense, which he developed through relevant cross-examination of witnesses, made appropriate motions before, during and after trial and, importantly, succeeded in obtaining a not guilty verdict on two counts, including the most serious crime charged. Considering the totality of the circumstances, we find that defendant was provided with meaningful representation (*see People v Rogers*, 94 AD3d 1246, 1251 [2012]; *People v Malcolm*, 74 AD3d 1483, 1487 [2010], *lv denied* 15 NY3d 954 [2010]; *People v Albanese*, 38 AD3d at 1018-1019).

Nor do we find merit to defendant's contention that Supreme Court erred in denying his request to appoint new counsel without first inquiring into the nature of defendant's discontent. The decision to substitute counsel for an indigent defendant "is within the 'discretion and responsibility' of the trial judge" (*People v Porto*, 16 NY3d 93, 99 [2010], quoting *People v Medina*, 44 NY2d 199, 207 [1978]) and should only be made where "good cause" is shown to necessitate substitution (*People v Porto*, 16 NY3d at 100). Here, Supreme Court's denial of defendant's request came after it questioned both defendant and counsel regarding defendant's concern that counsel was unable to diligently represent him due to what he believed to be an unenthusiastic presentation of the People's pretrial plea offer. Because defendant "failed to proffer specific allegations of a 'seemingly serious request' " sufficient to warrant substitution of counsel and was indeed afforded an opportunity to be heard, it cannot be said that Supreme Court abused its discretion in denying his request (*id.*; *see People v Augustine*, 89 AD3d 1238, 1240-1241 [2011]).

Finally, defendant contends that his sentence was harsh and excessive. Defendant's sentence, which is within the permissible statutory parameters, "will not be disturbed on appeal absent evidence of a clear abuse of discretion or the existence of extraordinary circumstances" (*People v Fairley*, 63 AD3d 1288, 1290 [2009], *lv denied* 13 NY3d 743 [2009] [internal quotation marks and citations omitted]). Given defendant's extensive criminal history, which includes three prior burglary convictions, we are unpersuaded that modification of his sentence is warranted in the interest of justice (*see People v Barringer*, 54 AD3d 442, 444 [2008], *lv denied* 11 NY3d 830 [2008]).

Defendant's remaining contentions raised in his pro se supplemental brief have been reviewed and found to be lacking in merit.

Mercure, Rose, Lahtinen and Egan Jr., JJ., concur. Ordered that the judgment is affirmed.