■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v REGINALD K. MATTHEWS, Also Known as TRUE, Appellant. [956 NYS2d 317]—

Spain, J.

Initially, defendant argues that County Court erred as a matter of law in denying his motion, after a *Wade* hearing, to suppress the CI's identification of him on the ground that the pretrial identification procedure used by police, a photo array, was unduly suggestive. Upon review of the photo array and suppression testimony, we conclude that the People met their "initial burden of going forward to establish the reasonableness of the police conduct and the lack of any undue suggestiveness in [the] pretrial identification procedure" (*People v Chipp*, 75 NY2d 327, 335 [1990], *cert denied* 498 US 833 [1990]; *see People v Lawal*, 73 AD3d 1287, 1287-1288 [2010]). Further, defendant did not meet his "ultimate burden of proving that the procedure was unduly suggestive" (*People v Chipp*, 75 NY2d at 335).

The detective who showed the CI the photo array testified that it was assembled using computer generated images from the police department computer. He told the CI that the actual target may or may not be in the array, and the CI identified the picture of defendant "in a matter of seconds." The photo array contains six color, close-up photographs with similar backgrounds of black males, all with the same general facial features and short cut hair and of a seemingly similar age; five, including defendant, are wearing a T-shirt, all but one have a skin tone that appears similar to that of defendant, and five of the six, including defendant, have similar facial hair.

There is no requirement that the fill-in photographs depict people "nearly identical [to defendant's photograph]" (*People v Chipp*, 75 NY2d at 336; *see People v Lind*, 20 AD3d 765, 767 [2005], *lv denied* 5 NY3d 830 [2005]). The physical characteristics of the people included in the array are sufficiently similar and the variations were not such as "to create a substantial likelihood that the defendant would be singled out for identification" (*People v Chipp*, 75 NY2d at 336; *People v McDonald*, 306 AD2d 696, 697 [2003]). We are not persuaded by defendant's claim that the array was rendered unduly suggestive because he is the only one looking down or because it appears that the size of defendant's image had been reduced, elongating his face. In our view, these characteristics were not unduly suggestive so as to "draw[ ] the viewer's attention in such a way as to indicate that the police have made a particular selection" (*People v Yousef*, 8 AD3d 820, 821 [2004], *lv denied* 3 NY3d 743 [2004] [internal quotation marks and citations omitted]; *see People v Lawal*, 73 AD3d at 1288; *People v Lee*, 30 AD3d 760, 762 [2006],

*lv denied* 7 NY3d 850 [2006]; *People v Davis*, 18 AD3d 1016, 1018 [2005], *lv denied* 5 NY3d 805 [2005]). Accordingly, defendant's motion to suppress was properly denied.

Defendant contends that the verdict was not supported by legally sufficient evidence and was against the weight of the evidence, primarily based upon the claim that the testimony of Nassivera, concededly an accomplice as a matter of law, was not sufficiently corroborated. We disagree. New York's accomplice corroboration rule minimally requires "corroborative evidence tending to connect the defendant with the commission of [the] offense[s]" (CPL 60.22 [1]). "It is enough if it tends to connect the defendant with the commission of the crime[s] in such a way as may reasonably satisfy the jury that the accomplice is telling the truth" (*People v Dixon*, 231 NY 111, 116 [1921] [citations omitted]; *see People v Reome*, 15 NY3d 188, 192 [2010]), and "offered credible probative evidence" (*People v Breland*, 83 NY2d 286, 293 [1994]; *see People v Besser*, 96 NY2d 136, 143 [2001]). It "need not establish all the elements of the offense" (*People v Steinberg*, 79 NY2d 673, 683 [1992]; *see People v Berry*, 78 AD3d 1226, 1227 [2010], *lv denied* 16 NY3d 828 [2011]; *see also People v Besser*, 96 NY2d at 143), and need not prove defendant's involvement independent of the accomplice's testimony (*see People v Reome*, 15 NY3d at 194; *People v Pagan*, 97 AD3d 963, 965 [2012]).

Here, Nassivera testified that he drove defendant around in his van to various locations, including to purchase more cocaine, during which defendant received several phone calls from a female, and defendant then directed him to a specific location in the Village of Hudson Falls; at defendant's direction, he sold one gram of cocaine, supplied by defendant, to a female he did not know who was pointed out by defendant, for $100, which defendant collected from Nassivera immediately after the sale. The CI similarly testified that she made several set-up phone calls to defendant that day, at a number he provided, and recognized his voice from numerous prior calls and in person contacts. The location, price and quantity of the sale of cocaine carried out by Nassivera were identical with that agreed to by defendant, and the CI verified Nassivera's testimony that she did not know or speak with him before this sale and that she observed defendant seated in the rear of the van at the sale. The set-up calls to defendant, from which the CI identified his voice, and the sale by Nassivera to the CI were recorded and observed by surveillance detectives, one of whom observed a black male in the rear of the van during the sale.

The foregoing evidence was more than adequate to satisfy the

minimal corroboration requirement connecting defendant to these crimes and providing a sound basis for the jury to credit the accomplice's testimony. Viewed in the light most favorable to the People, we find that the evidence was legally sufficient to support the jury's verdict as to each of the elements of the crimes, including defendant's accomplice liability for knowingly and unlawfully selling a narcotic drug and possessing same with intent to sell (*see* Penal Law § 20.00; *People v Khan*, 18 NY3d 535, 541 [2012]; *People v Caban*, 5 NY3d 143, 152 [2005]; *People v Bleakley*, 69 NY2d 490, 495 [1987]). We have also evaluated all of the evidence in a neutral light, including defendant's testimony, and accorded deference to the jury's credibility determinations, and find that the jury was justified in finding defendant guilty beyond a reasonable doubt and that its verdict was not contrary to the weight of credible evidence (*see People v Danielson*, 9 NY3d 342, 348 [2007]; *People v Bleakley*, 69 NY2d at 493-494; *People v Dean*, 70 AD3d 1193, 1194 [2010]).

Further, given defendant's criminal history and the leniency shown to him previously, we find no extraordinary circumstances or abuse of discretion justifying a reduction of the lawful, concurrent 10-year sentences imposed by County Court on defendant as a second felony offender (*see People v Appleby*, 79 AD3d 1533, 1534 [2010]). While the sentence imposed after trial was greater than that offered during plea negotiations in order to encourage a guilty plea, it was based upon appropriate sentencing factors, and we do not find that defendant was punished for asserting his right to a trial (*see People v Pena*, 50 NY2d 400, 411-413 [1980], *cert denied* 449 US 1087 [1981]; *People v Merck*, 63 AD3d 1374, 1375 [2009], *lv denied* 13 NY3d 861 [2009]; *People v Simon*, 180 AD2d 866, 867 [1992], *lv denied* 80 NY2d 838 [1992]). Defendant's remaining contentions raised on his direct appeal, including those raised in his pro se brief, have been examined and determined to lack merit.

Turning to defendant's appeal from the denial of his pro se motion to set aside the verdict based upon newly discovered evidence (*see* CPL 440.10 [1] [g]), we discern no error in County Court's denial thereof without a hearing. The evidence consists of police controlled buy checklists concerning another indicted drug seller showing that an unidentified informant may have contacted that person at the same phone number used to contact defendant. At trial, however, defense counsel repeatedly explored the simultaneous police investigation targeting this individual as part of defendant's mistaken identity defense. The CI testified that she did not know that individual but knew defendant well from her many contacts with him, and Nassivera testi-

fied that he knew that individual and has spent time with him and purchased large quantities of cocaine from him, but was not with him on the day of the sale here to the CI. Both testified without contradiction that only defendant was present with Nassivera in the van at the sale, and the CI's set-up phone calls were to defendant only. Given the foregoing, County Court correctly determined that while this "new" evidence may have "added to" the mistaken identity defense, it was certainly not of the nature as would "probably change the result" had it been presented to the jury (*People v Tucker*, 40 AD3d 1213, 1214 [2007], *lv denied* 9 NY3d 882 [2007] [internal quotation marks and citations omitted]; *see People v Richards*, 266 AD2d 714, 715 [1999], *lv denied* 94 NY2d 924 [2000]). Likewise, the failure to disclose this evidence as potentially exculpatory *Brady* material did not require a hearing or new trial as there is no "reasonable probability" that it affected the outcome of the trial (*People v Tucker*, 40 AD3d at 1216 [internal quotation marks and citation omitted]; *see People v Bryce*, 88 NY2d 124, 128 [1996]). Thus, defendant's motion to vacate was properly denied without a hearing.

Rose, J.P., Lahtinen, Kavanagh and McCarthy, JJ., concur. Ordered that the judgment and order are affirmed.