*Matthews v. Capra*

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 2nd day of November, two thousand seventeen.

PRESENT:    JON O. NEWMAN,
            JOSÉ A. CABRANES,
                        *Circuit Judges,*
            ROBERT N. CHATIGNY,
                        *District Judge.*[*]

---

REGINALD K. MATTHEWS,

        *Petitioner-Appellee,*                                16-4253

        v.

MICHAEL CAPRA, SUPERINTENDENT OF SING SING
CORRECTIONAL FACILITY,

        *Respondent-Appellant.*

---

**FOR PETITIONER-APPELLEE:**              Stephen N. Dratch, Franzblau Dratch,
                                          P.C., Livingston, NJ.

---

[*] Judge Robert N. Chatigny, of the United States District Court for the District of Connecticut, sitting by designation.

1

**FOR RESPONDENT-APPELLANT:**  Michelle Maerov, Assistant Attorney General (Barbara D. Underwood, Solicitor General, Nikki Kowalski, Deputy Solicitor General, *on the brief*), *for* Eric T. Schneiderman, Attorney General of the State of New York, New York, NY.

Appeal from an order of the United States District Court for the Northern District of New York (James K. Singleton, Jr., *District Judge*, D. Alaska, sitting by designation).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the November 29, 2016 judgment of the District Court be and hereby is **VACATED AND REMANDED**.

Respondent-Appellant Michael Capra, Superintendent of the Sing Sing Correctional Facility, appeals from the November 29, 2016 judgment of the United States District Court for the Northern District of New York (James K. Singleton, Jr., *District Judge*, D. Alaska, sitting by designation) granting Petitioner-Appellee Reginald K. Matthews's petition for a writ of *habeas corpus* pursuant to 28 U.S.C. § 2254. On appeal, Capra argues that the District Court erroneously found that a non-disclosed police report (the "Report") prepared in another case was material to Matthews's conviction, and that its non-disclosure violated *Brady v. Maryland*, 373 U.S. 83 (1963) and its progeny. Capra also argues that Matthews or his attorney knew, or should have known, about the Report. Upon review, we conclude that the District Court erroneously found that the Report was material to Matthews's conviction. Accordingly, we vacate the District Court's November 29, 2016 judgment. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

This appeal stems from Matthews's 2010 conviction for selling $100 of crack cocaine to a confidential informant, Vicki Arquette. According to the prosecution, Arquette worked with police to set up a controlled buy from Matthews. To schedule the buy, Arquette called Matthews five times on his cell phone at a number he had given her. These conversations were recorded by the police. Matthews then drove with an accomplice, Jason Nassivera, to meet Arquette. When they arrived, Nassivera made the hand-off while Matthews waited in the van, gesturing to Arquette that she should call him later.

At trial, four witnesses testified for the prosecution, including Arquette and Nassivera. Both testified that Arquette called Matthews to schedule the buy, and that Matthews was present at the hand-off. The prosecution also played the recordings of the calls between Arquette and the seller, and a recording of the buy. Matthews testified in his own defense, claiming mistaken identity.

Matthews was convicted on December 14, 2010. Six months later, Matthews filed a motion to vacate his conviction on several grounds, including that the prosecution had suppressed

2

exculpatory evidence that supported his claim of mistaken identity. Specifically, Matthews argued the prosecution failed to disclose that the police had set up a controlled buy with a different drug dealer, Corey Martin, by calling the same phone number that Arquette dialed. Martin ultimately pleaded guilty to criminal sale of a controlled substance in the third degree.

The trial court denied Matthews's motion to vacate. On appeal, the Appellate Division, Third Department adjudicated Matthews's claim on the merits and denied his appeal. It concluded that the "failure to disclose this evidence as potentially exculpatory *Brady* material did not require a hearing or new trial as there is no 'reasonable probability' that it affected the outcome of the trial." *People v. Matthews*, 101 A.D.3d 1363, 1367, 956 N.Y.S.2d 317, 322 (3d Dep't 2012). Leave to appeal to the Court of Appeals was denied. *People v. Matthews*, 20 N.Y.3d 1101 (2013).

Matthews subsequently filed a petition for a writ of *habeas corpus* pursuant to 28 U.S.C. § 2254. He argued (1) that the prosecution impermissibly withheld exculpatory evidence in violation of *Brady v. Maryland*, 373 U.S. 83 (1963), and (2) that he received constitutionally ineffective trial counsel. The District Court granted the petition, finding that "the Appellate Division's finding of no prejudice [from the non-disclosure] was not only incorrect, but was unreasonable in light of the facts of the case." Joint App'x at 12. However, the District Court rejected Matthews's ineffectiveness of counsel argument. *Id.* at 16–17. This appeal followed.

\* \* \*

We review *de novo* the grant of a petition for writ of *habeas corpus. Overton v. Newton*, 295 F.3d 270, 275 (2d Cir. 2002). Where, as here, the state court adjudicated a claim on the merits, a federal court cannot grant a petition for the writ unless the state court's decision was "contrary to, or involved an unreasonable application of, clearly established Federal law," or "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1), (2). Under the "unreasonable application" prong, "a petitioner must show that the state court's ruling . . . was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Carmichael v. Chappius*, 848 F.3d 536, 544 (2d Cir. 2017) (internal quotation marks omitted).

The District Court found that the Appellate Division unreasonably applied *Brady* and its progeny to the facts of Matthews's case. We disagree. Given the overwhelming evidence against Matthews, there was not "a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different," as is required for a *Brady* violation. *Pennsylvania v. Ritchie*, 480 U.S. 39, 57 (1987).

At trial, the prosecution called to the stand two eyewitnesses who identified Matthews as the seller of the cocaine. The prosecution also played the recordings of the phone calls between Matthews and Arquette. And Matthews himself took the stand to testify, which gave the jury the

3

opportunity to determine whether his voice matched the dealer's voice on the recordings. In light of all this, the Appellate Division reasonably concluded that evidence that another drug dealer in the same town answered the same phone number would not have changed the outcome of the trial.

Moreover, the District Court based its order on erroneous factual findings. According to the District Court, "the only evidence against Matthews was the testimony of [Arquette] and Nassivera, whose credibility the defense had attacked at trial." Joint App'x at 12. This statement overlooks that the jury also heard the audio recordings of Arquette's phone calls to Matthews, as well as the audio recordings of the controlled drug purchase. The District Court further claimed that Arquette had "been promised police inducements for [her] cooperation with the prosecution." *Id.* Yet neither the District Court nor Matthews identify anything in the record to support this finding, and Arquette herself testified to the contrary at trial.

In sum, we conclude that the District Court improperly granted Matthews's petition for the writ of *habeas corpus* because the Appellate Division did not unreasonably apply *Brady* to the facts of the case. We therefore do not reach Capra's argument that Matthews or his counsel should have known about the evidence.

## CONCLUSION

For the foregoing reasons, we **VACATE** the November 29, 2016 judgment of the District Court granting Matthews the writ of *habeas corpus* and we **REMAND** the cause to the District Court for such further proceedings as may be appropriate and consistent with this Order.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4