People v Bianchini (2021 NY Slip Op 05709)





People v Bianchini


2021 NY Slip Op 05709


Decided on October 20, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 20, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
ROBERT J. MILLER
COLLEEN D. DUFFY
LARA J. GENOVESI, JJ.


2016-05933
 (Ind. No. 10268/14)

[*1]The People of the State of New York, respondent,
v
Leroy Bianchini, appellant.


Patricia Pazner, New York, NY (Leila Hull of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove and Denise Pavlides of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Kings County (Bruce M. Balter, J.), rendered May 3, 2016, convicting him of robbery in the first degree (two counts) and assault in the second degree, upon a jury verdict, and sentencing him to a determinate term of imprisonment of 20 years, to be followed by a period of postrelease supervision of 5 years, upon his conviction of robbery in the first degree under count 1 of the indictment, a determinate term of imprisonment of 20 years, to be followed by a period of postrelease supervision of 5 years, upon his conviction of robbery in the first degree under count 14 of the indictment, and a determinate term of imprisonment of 7 years, to be followed by period of postrelease supervision of 3 years, upon his conviction of assault in the second degree under count 11 of the indictment, with the sentences imposed upon the convictions of robbery in the first degree to run consecutively to each other and concurrently with the sentence imposed upon the conviction of assault in the second degree. The appeal brings up for review the denial, after a hearing (Albert Tomei, J.), of that branch of the defendant's omnibus motion which was to suppress identification testimony.
ORDERED that the judgment is modified, as a matter of discretion in the interest of justice, by reducing the sentence imposed upon the conviction of robbery in the first degree under count 1 of the indictment from a determinate term of imprisonment of 20 years, to be followed by a period of postrelease supervision of 5 years, to a determinate term of imprisonment of 10 years, to be followed by a period of postrelease supervision of 5 years; as so modified, the judgment is affirmed.
This matter involves two separate armed robberies which occurred a few days apart, both committed by an armed perpetrator and an unarmed perpetrator. The defendant was arrested after he was identified from a lineup as the armed perpetrator by each of the complainants. The complainant in the second robbery (count 14), who had been shot during the crime, additionally identified the defendant as the shooter from a photo array. Following a Wade hearing (see United States v Wade, 388 US 218), the Supreme Court denied that branch of the defendant's omnibus motion which was to suppress identification testimony. A jury trial was held, after which the defendant was convicted of two counts of robbery in the first degree and assault in the second degree. The defendant appeals.
The defendant's contention that the identification procedures employed in this case were unduly suggestive is unpreserved for appellate review to the extent that it pertains to the photo array identification procedure, since he failed at the Wade hearing to raise the specific grounds upon which he now challenges the photo array procedure (see CPL 470.05[2]; People v Lago, 60 AD3d 784). In any event, the contention lacks merit. The hearing evidence demonstrated that the fillers in the photo array and lineup procedures were reasonably similar to the defendant in appearance, such that the procedure did not create a substantial likelihood that the defendant would be singled out for identification based on any particular physical characteristic (see People v Benshitrit, 185 AD3d 1046; People v Marryshow, 162 AD3d 1313; People v Casanova, 152 AD3d 875; People v Matthews, 101 AD3d 1363; People v Ortiz, 61 AD3d 1003; People v Lago, 60 AD3d at 784; People v Velez, 222 AD2d 625).
The defendant failed to preserve for appellate review his contention that the evidence was legally insufficient to establish his identity as one of the perpetrators of both robberies beyond a reasonable doubt, since he did not specify this ground in his motion to dismiss at trial (see CPL 470.05[2]; People v Wilson, 23 AD3d 505, 505-506). In any event, viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620), we find that it was legally sufficient to establish the defendant's identity as the armed perpetrator in each robbery (see People v Tripp, 162 AD3d 691; People v Ricone, 288 AD2d 402). Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d 342, 348-349), we nevertheless afford great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383, 410; People v Bleakley, 69 NY2d 490, 495). Upon reviewing the record, we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Romero, 7 NY3d 633).
The defendant's contention that he was deprived of his right to a fair trial by certain questioning of witnesses and certain remarks during summation by the prosecutor is largely unpreserved for appellate review (see CPL 470.05[2]; People v Morris, 157 AD3d 827; People v Grant, 152 AD3d 792; People v McMillan, 130 AD3d 651, affd 29 NY3d 145). In any event, the challenged questioning was either not improper or was not so egregious as to deny the defendant a fair trial. The majority of the prosecutor's remarks during summation constituted acceptable rhetorical comment, fair comment on the evidence, fair response to defense counsel's summation, or permissible comment on inferences to be drawn from the evidence (see People v Galloway, 54 NY2d 396, 399). To the extent that some of the challenged remarks may have been improper, they were not so "flagrant or pervasive" as to have deprived the defendant of a fair trial (People v Mapp, 188 AD3d 1260, 1261), and any potential prejudice was ameliorated by the Supreme Court's repeated limiting instructions that the remarks of counsel were not evidence (see People v Daniels, 145 AD3d 1030).
The sentence imposed was excessive to the extent indicted herein.
The defendant's remaining contention is without merit.
MASTRO, J.P., MILLER, DUFFY and GENOVESI, JJ., concur.
ENTER:
Maria T. Fasulo
Acting Clerk of the Court